## 19417

Colgate W. DARDEN, III, Appellant, v. Elizabeth J. WITHAM, formerly Elizabeth J. Darden, and the Virginia National Bank of Norfolk, Virginia, Respondents.

(188 S. E. (2d) 776)

Frank E. Robinson, Esq., of *Lewis, Lewis & Robinson*, Columbia, *for Appellant*,

382

*Messrs. Miles Loadholt,* of *Blatt, Fales, Peeples, Bedingfield & Loadholt, Barnwell,* and *Julian B. Salley, Jr.,* of *Henderson, Salley, Bodenheimer & Lynn,* Aiken, *for Respondent,*

384

May 11, 1972.

LITTLEJOHN, Justice.

Colgate W. Darden, III, commenced this action on March 5, 1971. His petition alleged that his former wife (Elizabeth J. Darden Witham) having remarried, it was doubtful whether his obligation to make payments under a 1967 divorce decree and/or an agreement was a continuing one in view of Section 20-114 of the Code.[1] The petition further

---

[1] S. C. Code Ann. § 20-114 (1962) provides: "Segregation of allowance between wife and children: effect of remarriage of wife.—In the event the court shall award the custody of the children to the wife, the court shall by its decree allocate any award for permanent alimony and support between the children and the wife *and in the event of the remarriage of the wife the amount fixed in such decree for her support shall forthwith cease and no further such payments shall be required from such divorced husband.*" (Emphasis added.)

asserted that the property settlement agreement had merged into the divorce decree and had lost whatever contractual nature it might have had. Darden prayed that the court "look into the matter and declare the rights and obligations of the parties under the Decree and/or Separation and Property Settlement Agreement."

Witham answered, alleging that the agreement constitutes a property settlement which provides for installment payments by Darden. She denied that her remarriage had any effect on Darden's obligations under the agreement and decree.

This appeal is from an order holding that Darden's obligations continue notwithstanding the remarriage of Witham.

Darden was defendant in the action wherein Witham was awarded an uncontested divorce. That decree recited in part:

*"It is further ordered, adjudged and decreed* that the Separation and Property Settlement Agreement and the Colgate W. Darden, III, Escrow Account Agreement . . . are hereby approved, that the terms thereof are adopted and made a part of this Order by reference thereto, and the parties to this action are hereby directed to comply with the terms of said Agreements as completely as though said Agreements were copied verbatim into this Order."

The "Separation and Property Settlement Agreement" referred to in that decree included the following provisions:

*"Whereas,* it is considered desirable that all questions as to: marital property rights, support and maintenance of the wife and children, and custody of the children be settled by the parties and subsequently incorporated into any final divorce decree.

*"Now therefore,* it is mutually agreed and understood as follows:

. . . . .

### *"Wife's Alimony*

"The husband shall pay to the wife in full and final satisfaction of any and all claims which she now has or many

(sic) hereafter acquire, arising out of the marital relationship, but excepting therefrom those marital property rights hereinafter referred to, which claim or claims shall specifically include alimony, support and maintenance, the following sums:

'(a) *For a Period of Twenty Years.*

'1. *First Ten Year Period*—The sum of Ninety Thousand ($90,000.00) Dollars per year for a period of ten (10) years, the said payments to be made in equal quarterly installments with the first such installment being due and payable on the first day of the month following the entry of the final divorce decree between the parties;

'2. *Second Ten Year Period*—The sum of Eighty Thousand ($80,000.00) Dollars per year for the next ten (10) years, said payments to be in equal quarterly installments with the first quarterly installment due and payable on the first day of the first quarter following the termination of payments for the first ten (10) years as above set forth;

'(b) Upon the death of the wife, or upon the expiration of the twenty (20) year period above specified, whichever event shall first occur, the payments as above set forth shall cease. *The said payments will continue during said period regardless of the wife's remarriage* and shall not cease during said period in the event of the husband's death, but will continue in the manner herein provided; it being the specific agreement of the parties that the payments for alimony, support and maintenance of the wife, agreed to herein by the husband, shall not terminate at his death but shall continue to be made by his estate.' (Emphasis added.)

. . . .

"*Binding Effect of Agreement*

"The parties agree that this Property Settlement Agreement is a full and complete settlement of any and all claims each has against the other arising out of or incident to the marital relationship of the parties, and that any decree of any court dissolving the marriage by way of divorce shall in-

clude the provisions herein which are recognized to be final, complete and binding upon the parties hereto, their heirs, executors and assigns."

This agreement, which also gave custody of the parties' children to the wife, further provided that an account known as the "Darden Escrow Account" was to be established by the husband with the Virginia National Bank of Norfolk, Virginia, co-defendant (essentially a stakeholder) in this action. The account was to be funded by the husband "in order to guarantee the alimony payments . . . over the twenty (20) year period."

Subsequent to a hearing in the action now before us Judge J. B. Ness issued an order dismissing the petition and granting leave to Witham to apply to the court for a reasonable fee to be paid to her attorneys.

The main issue which this Court must decide is whether Darden may be relieved from his obligations under the "Wife's Alimony" section of the "Separation and Property Settlement Agreement." A determination of this requires that we delve into the decree and the agreement, keeping in mind certain principles of law, which follow.

First of all we note that an award of periodic payments of alimony may be modified by the court upon a showing of altered circumstances. Code of Laws of South Carolina (1962) § 20-116; *Grossman v. Grossman,* 242 S. C. 298, 130 S. E. (2d) 850 (1963). However, "if the divorce court awards alimony in gross, or in a lump sum, without reserving the power to amend, the court cannot modify the provision, even where it is payable in installments." 24 Am. Jur. Divorce and Separation § 668 (1966) ; *Blakely v. Blakely,* 249 S. C. 623, 155 S. E. (2d) 857 (1967). Also see 2A Nelson, Divorce and Annulment § 17.06 (2d ed. 1961) [herein cited as *"Nelson"*].

Where an award of alimony is based upon, or refers to, or incorporates, an agreement entered into by the parties, the court may or may not be empowered to modify such agree-

ment or award at a later date. Whether such agreement or award may subsequently be modified my be determined as follows:

■ If a *mere agreement for alimony or support* is involved, the court as a rule may subsequently modify it. If, on the other hand, a true *property settlement agreement* is involved, it ordinarily may not thereafter be modified by the court. See *Nelson* § 17.03; 24 Am. Jur. (2d) Divorce and Separation §§ 670, 909; 27A C. J. S. Divorce § 238 d.

■■ We note two further principles: (1) The courts favor settlements and agreements amongst litigants, and regard as commendable efforts by the parties to settle their differences without the courts' intervention or assistance. (2) Remarriage of a wife of itself does not necessarily call for modification of an agreement. Nelson § 17-11; 24 Am. Jur. (2d) Divorce and Separation § 912; 27 B. C. J. S. Divorce § 301(5)

We now apply the above principles to the facts of this case. The outcome, we feel, is to be determined by attempting to ascertain the intent of the parties upon their execution of the "Separation and Property Settlement Agreement." If they intended the "Wife's Alimony" section of that agreement to be "mere alimony", then there may be some basis for its modification. But if the parties intended it to be an integral and inseparable part of a property settlement agreement, then the court ordinarily cannot properly modify it.

We examine this instrument while assuming that both parties intended the agreement to be one upon which they could rely. We further assume that both parties intended to abide by its terms. Still further, we assume that the parties had knowledge of Section 20-114 of the Code (foot-note 1, *supra*) when they entered into the agreement. Finally, we assume that the parties meant what they said. With this in mind, certain language in the instrument bears further emphasis:

" . . . *The said payments will continue during said period regardless of the wife's remarirage. . . .*"

Section 20-114 provides that a divorced husband's obligation to pay court-awarded alimony terminates upon the wife's remarriage. Faced with this statute, the parties agreed to the above. It is obvious that something more than a mere alimony settlement was intended. "A contract which provides that the payments shall not cease if the wife remarries obviously requires that payments continue after her marriage." 24 Am. Jur. (2d) Divorce and Separation § 912.

There are other indications that the parties intended the agreement to rise to contractual level. The agreement provides that payments shall not cease during the 20-year period in the event of Darden's death. It contains no language authorizing subsequent modification. It is denominated a "separation and property settlement agreement." It ends by reciting that:

"The parties agree that this *Property Settlement Agreement* is a full and complete settlement of any and all claims each has against the other arising out of or incident to the marital relationship of the parties, and that any decree of any court dissolving the marriage by way of divorce shall include the provisions herein which are recognized to be final, complete and binding upon the parties hereto, their heirs, executors and assigns." (Emphasis added.)

The escrow agreement with Virginia National Bank calls for Darden to "herewith deposit" marketable securities having a current value of at least 110% of the total amount due or to become due the wife. The bank is appointed custodian and escrow agent, with such designation being "irrevocable until the death of Elizabeth J. Darden, or the expiration of the payments called for . . ., whichever event shall first occur." Upon Darden's defaulting in the payments the bank is authorized to sell sufficient securities and to continue the payments to the wife.

A review of the agreement convinces us that the "Wife's Alimony" section is an integral part of the entire property settlement agreement. Clearly the payments called for, though termed "alimony", are in actuality installment payments arising out of a lump sum property settlement.

■ The instrument goes beyond the scope of a mere agreement to pay alimony. It is contractual in nature, intended as a final and binding settlement of the parties' rights and duties with respect to support and property. This being so, there could be no modification of Darden's obligation based on a remarriage of his former wife (§ 20-114) or a change of circumstances (§ 20-116). Inasmuch as the lower court reached the same result its order is affirmed.

Darden cites *Jeanes v. Jeanes,* 255 S. C. 161, 177 S. E. (2d) 537 (1970) as authority for the court to modify the 1967 decree and agreement. In that case we said:

" . . . the fact that a decree for alimony was based upon an agreement of the parties does not defeat the jurisdiction of an equity court to make changes or modifications when the circumstances so justify. The agreement of the parties here as to alimony became merged in the supplemental decree and, therefore, lost its contractual nature, at least to the extent that the court has the power to modify the decree, if such modification be warranted. *Ex parte Jeter,* 193 S. C. 278, 8 S. E. (2d) 490."

We feel that what was said in *Jeanes* is entirely consistent with what we hold in this case. In *Jeanes* we were concerned with an agreement to make periodic support payments until the wife remarried or until either party died. A decree incorporating such an agreement can be modified. In this case we are concerned with a property settlement agreement which calls for installment payments. Such agreements, and decrees incorporating them, generally cannot thereafter be changed.

It is sometimes difficult to distinguish between alimony in gross and a property settlement. The lower court preferred

to consider Darden's payments as alimony in gross or lump sum alimony. We are inclined to think of them as payments made under a property settlement. Perhaps there is here involved a combination of the two. In any event, the result is the same since more than mere alimony in the usual periodic payment sense is involved.

Darden excepts to that portion of Judge Ness' order which granted Witham leave to apply to the court for attorneys' fees. He contends that this action was originally brought pursuant to the Declaratory Judgment Act (Code § 10-2001 *et seq.*). He further contends that that Act permits an award of costs (§ 10-2010) but not an award of attorneys' fees.

Judge Ness issued a supplemental order on July 23, 1971, wherein he states that "it was agreed by counsel for both parties that this court would consider the entire matter as a Declaratory Judgment action and would pass upon all issues raised."

While the matter may have been treated as a declaratory judgment action by consent, the fact remains that this suit is essentially an outgrowth of, and supplementary to, the original 1967 divorce action. Normally the issues before us would have been determined within the divorce proceeding. The fact that the same issues were presented by way of a declaratory judgment proceeding should not alter the obligation of Darden to pay attorneys' fees if, under Code Section 20-112, the court deemed this appropriate. Under these circumstances we feel that an award of an attorneys' fee is quite proper and the case is remanded to the lower court for disposition of that matter.

Affirmed.

Moss, C. J., and Lewis, Bussey, and Brailsford, JJ., concur.