20183

Elizabeth L. REECE, Appellant, v. Chester A. REECE, Respondent.
(223 S. E. (2d) 182)

317

*Adam Fisher, Jr., Esq.,* of Greenville, *for Appellant,*

*J. D. Todd, Jr., Esq.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Respondent,*

March 10, 1976.

RHODES, Justice.

The question involved in this appeal is the effect to be given an agreement entered into by the parties in a divorce

action. The appellant-wife, Elizabeth L. Reece, contends the agreement was not dispositive of certain issues between her and respondent-husband, Chester A. Reece. Her exceptions to the Master's Report were denied by the Circuit Court. We affirm.

This action was commenced by the wife in the Court of Common Pleas of Greenville County on April 2, 1974, wherein she sought alimony, child custody and support, attorney's fees, and that she be declared an equal partner with her husband in all of his financial and business holdings. The answer asked the lower court to determine a proper sum as alimony, and whether it would be to the best interests of the 17 year old son of the parties to live with his mother or father and, if to the mother, to set a reasonable sum for his support. In other respects the answer denied the allegations of the complaint and asked that it be dismissed.

A reference was held before the Master in Equity for Greenville County on June 5, 1975, at which time both parties were represented by competent and experienced members of the Greenville Bar. At that reference it was agreed that the complaint would be amended so as to include an action for divorce on the grounds of desertion, and the parties then agreed to a settlement of the financial matters involved. The financial settlement agreed upon was that the husband would pay to the wife the sum of $140,000 payable in monthly installments of $1,171.10 for a period of twenty (20) years, the monthly sum including interest at the rate of eight per cent (8%) per annum on the unpaid balance. There was a provision that in the event the wife remarried, one-half (½) of each monthly payment was to be payable into a trust fund for the children of the parties.

The husband further agreed to pay $2,000 as attorney's fees for the wife's attorney and that he would convey the family home located on three lots on Bermuda Court in Greenville County to the wife. The parties also agreed that

their 17 year old son would reside with his mother in the aforementioned family home.

On June 19, 1975, the Master filed his Report recommending that a decree be issued in conformity with the above-stated agreement and that a divorce be granted the wife on the ground of desertion, the latter issue not being contested by the husband. The wife employed counsel other than that representing her before the Master and filed exceptions to the Report, all of which were denied by the Circuit Court.

The exceptions before us are largely concerned with the contention of the wife that the agreement stated above was not a full and final settlement between the parties; that it was only a property settlement which did not include alimony, and that she is entitled to an additional award for alimony.

The agreement between the parties was entered into at the Master's Hearing and the testimony thereabout is fully set forth in the record before us. At the outset of the Hearing the Master stated:

"Let the record show that extensive negotiation has taken place between the parties through their respective attorneys as bears upon a calm and serious and genuine effort to resolve *the property ownership and right and any support and/or alimony rights as encompassed within the issues as raised by the pleadings as amended.*

"It's the Court's understanding that the attorneys at this time do wish to offer into the record stipulations and agreements as have been reached between the parties in these regards." (Emphasis added.)

The terms of the above recited agreement were then fully set forth in the record, the attorneys for the respective litigants and the Master all participating. After the Master satisfied himself that the attorneys were in full agreement, the following appears in the record:

"[By the Master]: And, the Court at this time would inquire of Mr. Reece as to his full understanding of what has been stated and to his agreement to all that has been received into the record.

"Do you so understand and agree thereto?

"By Mr. Reece: Yes, sir.

"By the Master: In similar fashion, the Court does inquire of the plaintiff, Mrs. Elizabeth L. Reece, as to your understanding and agreement as to what has been received into the record.

"Do you so understand and agree thereto?

"By Mrs. Elizabeth L. Reece: Yes, sir."

A careful examination of the record made before the Master compels the conclusion that the agreement entered into was intended to include all financial claims growing out of the marital relationship including alimony. This Court said in *Darden v. Witham,* 258 S. C. 380, 188 S. E. (2d) 776 (1972), "[t]he courts favor settlements and agreements amongst litigants, and regard as commendable efforts by the parties to settle their differences without the courts' intervention or assistance." Accordingly, the exceptions relating to this contention are denied.

In this appeal the wife charges error in the failure of the lower court to specifically award child support.

This exception was not taken to the Master's Report and, thus, is not available to her in this Court. *Lisenby v. Newsom,* 234 S. C. 237, 107 S. E. (2d) 449 (1959).

The wife also asserts error in the lower court's refusal to award attorney's fees in addition to that provided for in the agreement between the parties. The allowance of counsel fees is generally within the discretion of the trial judge, and we find no abuse of discretion in

his refusal. *McNaughton v. McNaughton,* 258 S. C. 554, 189 S. E. (2d) 820 (1972).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.