20393

Bert A. WINTERBOTTOM, Respondent, v. June H. WINTERBOTTOM, Appellant.

(234 S. E. (2d) 14)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-
ville, *for Appellant,*

*Messrs. Love, Thornton, Arnold & Thomason,* of Green-
ville, *for Respondent,*

March 28, 1977.

LITTLEJOHN, Justice:

Bert A. Winterbottom and June H. Winterbottom were married in 1971. On January 23, 1974, they procured a consent order from the Family Court of Greenville County providing for "separate support and maintenance and child support." The order provided that Bert convey his one-half interest in the residence of the parties to June; it also provided certain medical and insurance benefit requirements favorable to June and their daughter, and further provided that Bert pay $100.00 every two weeks for alimony and $150.00 every two weeks for child support.

In April, 1976, Bert petitioned the court, based on an alleged change of condition, to eliminate or reduce the aliminy and child support previously consented to and ordered by the court. After taking testimony of the two parties, the trial judge eliminated the payment for alimony altogether and reduced the child support from $150.00 every two weeks to $125.00 every two weeks. June has appealed.

The first question submitted to the court by June is: Does the court have authority to alter the agreement of the parties which it previously approved? The cases of *Darden v. Witham,* 258 S. C. 380, 188 S. E. (2d) 776 (1972), and *Reece v. Reece,* 266 S. C. 316, 223 S. E. (2d) 182 (1976) are cited for the proposition that a consent order involving a

property settlement is *res judicata.* In *Darden,* this Court said:

"If a *mere agreement for alimony or support* is involved, the court as a rule may subsequently modify it. If, on the other hand, a true *property settlement agreement* is involved, it ordinarily may not thereafter be modified by the court."

■ We are of the opinion that the facts before us in this case are so greatly different from both *Darden* and *Reece* that the citation of the cases has no persuasion. Nearly all separation, support, and alimony agreements include some property distribution. It is normal that upon separation an allocation of the property must be made. Here, Bert conveyed a one-half interest in the residence, upon which there is a mortgage on which June must make payments. Disposition of the property here is merely incidental to the separation, and a true property settlement simply is not involved. We hold that the judge did have authority to modify the consent decree.

June next submits that there has not been a change of conditions sufficient to justify the reduction of child support and elimination of alimony. The lower court had the benefit of the testimony of the two parties. Each submitted a list of expenses and of income. Since the previous order, Bert has left his employment in Greenville, South Carolina, married again, moved to Baltimore, and works in Washington. He lives with his third wife in a home owned by her; she is employed part time as a teacher at Morgan State University and does consulting on the side.

Bert had been married before his marriage to June and is paying alimony to Verna, his first wife, and also supports two children by the first marriage.

June is working for a real estate firm, on commission, and has a modest and uncertain income therefrom. She resides in Greenville and has two children by a marriage previous to Bert. These children are being supported by her first husband.

It would serve no useful or precedential value to review in detail the expenses and income of Bert and June. It is not unusual that such statements, prepared for the benefit of the court, are exaggerated.

The trial judge, of course, has the authority to modify an order upon a change of conditions, but we are of the opinion that there has been no sufficient change of conditions in this case to warrant the relief which was granted.[1] If a reduction for the alimony and/or child support was justified, the amount of reductions was not, and we hold that the judge abused his discretion in completely eliminating alimony for June and reducing support for the daughter.

This is one of those unfortunate cases where a husband has a maximum of obligation to three wives, with less than full ability to provide for them all. In such a case, the solution is never easy, but we think that a preference to the first and third wives, at the expense of the second, was not justified.

The case is remanded for re-evaluation in light of the views herein expressed.

Reversed.

LEWIS, C. J., and GREGORY, J., concur.

NESS and RHODES, JJ., dissent.

RHODES, Justice (dissenting) :

I dissent.

The evidence in the instant case established that the respondent met his burden of demonstrating sufficient changed conditions warranting the modifications ordered by the trial judge. Therefore, being of the opinion that the trial judge acted within the limits of his proper discretion, I would affirm.

NESS, J., concurs.

---

[1] Pullen v. Pullen, 253 S. C. 123, 169 S. E. (2d) 376 (1969), and Porter v. Porter, 246 S. C. 332, 143 S. E. (2d) 619 (1965).