Elsie B. **WALKER**, Plaintiff,

v.

Howard J. **WALKER**, Defendant.

Civ. A. No. 80–0734–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 24, 1981.

Francis A. Cherry, Jr., Richmond, Va., for plaintiff.

Robert P. Geary, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, Elsie B. Walker, a resident of South Carolina, brings this action against her former husband, Howard Walker, a resident of Virginia. Plaintiff seeks to invoke the diversity jurisdiction of the federal court, 28 U.S.C. § 1332, to enforce certain provisions of a South Carolina divorce decree against defendant. The matter is before the Court on defendant's motion to dismiss for lack of jurisdiction. Plaintiff has responded, the parties have filed supplemental briefs at the direction of the Court, and the matter is now ripe for disposition.

Elsie B. Walker was granted an absolute divorce from Howard Walker on July 19, 1963, by the Court of Common Pleas, Charleston, South Carolina. Prior to the decree, the parties entered into an agreement, which made provisions for property division, child support, alimony, and other matters. Except for those provisions concerning the division of real property, the agreement was incorporated in and made part of the decree of the Court of Common Pleas.

It is the alimony provisions of the agreement and the decree which plaintiff is now seeking to enforce. The agreement and the decree provided that defendant would pay alimony to plaintiff in the amount of $92.00 per month; an escalator clause required defendant to increase these payments as his income increased. Plaintiff claims (1) that defendant failed to pay the full sum of $92.00 during certain months between 1963 and 1978; (2) that defendant failed to increase monthly alimony payments, despite considerable increases in his income; and (3) that defendant has failed to make any payments whatever since May 1978.

Plaintiff's complaint contains two counts. The first casts plaintiff's claim as one for breach of the predivorce agreement, and seeks $50,000.00 in damages for such alleged breach. In count two, which is grounded on the decree of the South Carolina court, plaintiff asks that this Court adopt and enforce the South Carolina decree as its own.

The issue before the Court is whether the instant case falls within the "domestic relations exception" to the grant of diversity jurisdiction in 28 U.S.C. § 1332. This doctrine originated in *Barber v. Barber*, 21 How. 582, 62 U.S. 582, 16 L.Ed. 226 (1858), in which the Supreme Court, while upholding federal jurisdiction to enforce a state court judgment for accrued alimony, stated in *dicta*: "We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony. . . ." 21 How. 584, 62 U.S. 584, 16 L.Ed. 226. The principle that federal courts should "keep our federal hands off actions which verge on the matrimonial, or impinge on the matrimonial jurisdiction of the state courts", *Kamhi v. Cohen*, 512 F.2d 1051, 1056 (2d Cir. 1975) has been applied in a variety of contexts. *See Sistare v. Sistare*, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); *Armstrong v. Armstrong*, 508 F.2d 348 (1st Cir. 1974); *Solomon v. Solomon*, 516 F.2d 1018 (3d Cir. 1975). The rationale for the reluctance of federal courts to enter the thicket of domestic relations has not been entirely consistent, in that some courts have found that they lack jurisdiction, *Solomon, supra*, whereas others have found jurisdiction in the technical sense but have abstained from

its exercise, *Armstrong, supra.* However, the policy considerations at stake are consistent and manifest: the strong state interest in issues of family rights and obligations, the much greater proficiency and experience of state courts in family matters, and the possibility of inconsistent state and federal decrees.

This is not to say that the "domestic relations exception" is without its own exceptions. Where the plaintiff has already obtained a state court judgment, so that the claim is for a liquidated amount, some federal courts have found and exercised jurisdiction. *Barber v. Barber, supra; Richie v. Richie,* 186 F.Supp. 592 (E.D.N.Y.1960). Thus, while federal jurisdiction may be exercised "where necessary to the effectuation of prior state court judgments involving the same matters", *Solomon v. Solomon,* 516 F.2d 1018, 1024 (3d Cir. 1976), jurisdiction should be declined where an adjudication would require the federal court to make its own determination as to the parties' past on continuing obligations.

Plaintiff here makes two arguments in support of the claim that diversity jurisdiction may properly be exercised despite the domestic overtones in the case. First, she claims that the decree entered by the South Carolina court is not subject to modification, and that therefore this Court may adopt and enforce the decree as its own. Alternatively, plaintiff contends that the pre-divorce agreement between the parties is properly viewed as a private contract, not modifiable by the South Carolina court, and therefore enforceable here.

As to plaintiff's first argument, the Court notes that it is clearly without jurisdiction to grant plaintiff's request for an order for alimony payable in the future. South Carolina law explicitly authorizes the divorce court to modify alimony payments upon a showing of changed circumstances, Code of Laws of South Carolina, 20–3–170. It is for that court to determine whether the parties' circumstances have so changed as to warrant a modification of alimony payable in the future. In *Morris v. Morris,* 273 F.2d 678 (7th Cir. 1960), the district court entered an order for alimony payable in the future, enforceable in that court as the installments became due. In reversing the district court, the Court of Appeals for the Seventh Circuit made an observation that is here instructive:

> These efforts by the district court to assume the broad equitable powers of a divorce court in passing upon the questions which might arise as to the continuance of the obligation of defendant to make the periodic payments, despite the possibility of changing circumstances in the future, would involve the district court in the administration of divorce law in a very real way.

273 F.2d 678, 681–682.

An admittedly closer question is presented by plaintiff's claim for unpaid alimony already accrued. The South Carolina statute does not specifically authorize the divorce court to retroactively modify past due amounts, and the Court has not found any South Carolina case law on point. The Court is of the view, however, that plaintiff must give the state court an opportunity to make a determination as to the accrued as well as the future alimony. Even if South Carolina law clearly prohibited retroactive modification, plaintiff's claim cannot, by any means, be characterized as one for a certain, liquidated amount. On the contrary, difficult questions would remain in determining the amount of the accrued alimony defendant owes; for instance, the escalator clause must be interpreted in light of any increases in defendant's income in the fourteen years since the divorce. Additionally, the very ambiguity of state law on the question of retroactive modification militates against an adjudication here. The Court believes that a determination of accrued alimony, no less than of future alimony, "would involve the district court in the administration of divorce law in a very real way," contrary to the important policy considerations upon which the domestic relations exception is based.

As heretofore noted, plaintiff argues, alternatively, that the pre-divorce

agreement executed by the parties is a voluntary, private contract, not modifiable by the divorce court under South Carolina law and therefore not within the domestic relations exception. Indeed, there is authority for the view that the federal courts may assume jurisdiction over disputes between former spouses involving private agreements. In *Crouch v. Crouch*, 566 F.2d 486 (5th Cir. 1978), the court found that a private agreement entered into several years after the parties' divorce, and not incorporated in a decree, was indistinguishable from an ordinary contract for a fixed sum. The Court, however, is persuaded that the instant agreement is not, under South Carolina law, such a private contract.

■ The general rule in South Carolina is that an agreement concerning alimony which is incorporated into a decree is modifiable by the divorce court. As the South Carolina Supreme Court stated in *Jeanes v. Jeanes*, 255 S.C. 161, 177 S.E.2d 537 (1970)

... the fact that a decree for alimony was based upon an agreement of the parties does not defeat the jurisdiction of an equity court to make changes or modifications when the circumstances so justify. The agreement of the parties here as to alimony became merged in the supplemental decree and therefore lost its contractual nature, at least to the extent that the court has the power to modify the decree if such modification be warranted.

177 S.E.2d 537, 538. However, there is an exception to this general rule where the agreement in dispute is not a "mere agreement to pay alimony", but rather a "true property settlement", *Darden v. Witham*, 258 S.C. 380, 188 S.E.2d 776, 778 (1972). In *Darden*, the Supreme Court of South Carolina found that an agreement whereby, *inter alia*, the husband was required to make twenty yearly payments to the wife was not an agreement to pay alimony, but rather an agreement to make "installment payments arising out of a lump sum property settlement", 188 S.E.2d 776, 779, and found further that the settlement was not subject to modification.

Plaintiff, pointing to the fact that the agreement at issue here (although not the decree incorporating it) made provision for the division of real property between the parties, contends that it must be viewed as a "true property settlement" rather than as an agreement to pay alimony. The Court, however, does not find this reasoning persuasive. The *Darden* holding did not depend on the fact that the agreement made provision for the disposition of real estate: rather, it was the character of the periodic payments which was dispositive. In the instant case, there are a number of facts which indicate that the payments are properly characterized as alimony: that, unlike in *Darden*, the payments are to be made indefinitely, rather than for a fixed period; that provision is made for escalating the payments as defendant's income increases; and that the payments are to be made periodically, and are designated as being for the support and maintenance of the wife. Consequently, the Court is of the view that the South Carolina court would treat the provisions in dispute as an agreement for alimony, subject to modification by that court.

In conclusion, whether plaintiff's claim be cast as an attempt to enforce the terms of the agreement or the terms of the decree, it is clear that the case presents complex issues of family law best resolved in state court, which has both the discretion and the expertise to enforce or modify the alimony provisions as justice requires.

An appropriate order shall issue.