21629

William S. BROCKINGTON, Appellant, v. Virginia B. BROCKING-TON, Respondent.

(286 S. E. (2d) 281)

*James D. Jefferies,* Greenwood, *for appellant.*

*Thomas H. Pope and W. Frank Partridge, Jr.,* Newberry, *for respondent.*

January 19, 1982.

*Per Curiam:*

Appellant, William S. Brockington, appeals from an order of the family court which denied his petition for reduction and ultimate termination of support payments to respondent, his former wife. We affirm.

Appellant, a surgeon in Greenwood, commenced this action to have his monthly support obligation reduced from $1,200 to $600 effective July 1980 and terminated entirely upon his reaching 65 in February 1982. The support obligation arises from an agreement executed in July 1970 by the parties prior to their divorce. The agreement was subsequently made a part of the divorce decree by specific reference.

The family court held that the support provision was an integral and inseparable part of a true property settlement agreement and therefore was not subject to modification by the court. Alternatively, the family court held appellant had failed to establish sufficient change of condition to warrant modification. We find it unnecessary to decide whether the provision may be modified by the court since we affirm on the basis of the family court's alternative ruling.

The record reveals that appellant's earnings and net worth have increased substantially since the execution of the agreement. Appellant testified that he cannot now engage in surgery to the extent possible in previous years because of his age, but acknowledged that this limitation does not presently affect his income. There is evidence that respondent, on the other hand is in poor health and cannot work.

The family court has authority to modify an award of periodic payment of alimony upon a showing of altered circumstances. *Darden v. Witham*, 258 S. C. 380, 188 S. E. (2d) 776 (1972); S. C. Code § 20-3-170 (1976, as amended). Even if we assume the payments here are in the nature of alimony, we find appellant has not shown a present change of condition warranting termination of or reduction in the amount of support.

As to the future, appellant argues he will not be able to afford the current level of support if he retires or limits his practice.

Appellant is seeking an advisory opinion as to his support obligation after retirement. This Court has consistently refrained from rendering advisory opinions. *Biter v. South Carolina Employment Security Commission*, S. C., 280 S. E. (2d) 60 (1981).

Other exceptions argued by appellant are affirmed under Rule 23 of the Rules of Practice of this Court.

Affirmed.