0085

Mary Ellen KANE, Respondent, v. James F. KANE, Appellant.

(313 S. E. (2d) 327)

Court of Appeals

*Thomas Kemmerlin, Jr.* of *Sherwood N. Fender & Associates,* Beaufort, *for appellant.*

*John Earl Duncan* of *Rogers, Duncan, Fullwood & Perrin,* Lexington, *for respondent.*

Heard Nov. 15, 1983.

Decided Feb. 21, 1984.

SHAW, Judge:

This appeal is from a divorce decree granting respondent, Mary Ellen Kane, a divorce from appellant, James F. Kane, on the ground of a continuous one year separation. Mrs. Kane brought this action in April of 1980. The parties had obtained a foreign (Dominican Republic) divorce in February of 1977. In contemplation of this foreign divorce, the parties entered into a separation and support agreement in September of 1976. Under this agreement, the parties made provision for, among other things, alimony of $530 per month, child support, and the sale of the marital home. We affirm.

In her petition, Mrs. Kane did not attack the foreign divorce or the agreement. She proceeded as if this was the parties' initial divorce proceeding requesting alimony, child support, attorney's fees, and an equitable distribution of the marital property.

The trial judge held that the foreign divorce was void for lack of jurisdiction and ruled that the agreement was unfair because Mrs. Kane was unaware of her husband's financial status when she signed the agreement. He then made his own award of alimony ($830 per month), child support, and attorney's fees (the judge ruled that a de facto distribution of the marital home had already occurred and that no additional equitable distribution was called for or necessary).

Mr. Kane is appealing only the award of alimony claiming that the Family Court lacked the power and jurisdiction to modify the agreement, that Mrs. Kane is estopped from seeking to change the benefits to which she is entitled under the agreement, and that the agreement was fair when entered.

Mr. Kane initially argues that the agreement between the parties is a true property settlement agreement which may not be modified by the court. *Darden v. Witham*, 258 S. C. 380, 188 S. E. (2d) 776 (1972). The Supreme Court in *Darden* ruled that the agreement in question was a true property settlement agreement based on the following factors: the agreement provided for alimony payments over a set period with no termination of payments if the wife should die or remarry; the agreement contained no language authorizing subsequent modification; the agreement was denominated a "separation and property settlement agreement" and was specifically intended to cover all claims arising out of the marital relationship.

Here, the agreement was denominated a "separation and support agreement"; while the agreement did provide for the sale of the marital home, the distribution of the furniture therein, each party's use of a condominium, and the transfer of a car to Mrs. Kane, the primary thrust of the agreement was alimony and support and custody of the children; the alimony payments specifically terminated upon Mrs. Kane's death or remarriage; there was no language authorizing subsequent modification nor any language stating that the agreement was intended to cover all claims arising out of the marital relationship.

The intentions of the parties to a contract of separation must be determined, insofar as possible, from the terms of the contract, and once determined, must be given effect by the court. *Weston v. Weston*, 210 S. C. 1, 41 S. E. (2d) 372 (1947). Under the agreement, the alimony payments terminated upon Mrs. Kane's death or remarriage. Child support for the minor child ended when the child turned eighteen or entered college, whichever occurred earlier; however, Mr. Kane agreed to help with the expenses of a college education. It appears from the terms of the agreement that alimony and child support were the parties' main considerations. The property distributions here were merely inciden-

tal to the separation. Nearly all separation, support, and alimony agreements include some property distributions. It is normal that upon separation an allocation of the property must be made. *Winterbottom v. Winterbottom,* 268 S. C. 361, 234 S. E. (2d) 14 (1977). When the parties, for their own convenience, dispose of marital property in an agreement primarily intended to cover alimony and child support, the disposition of the property is merely incidental, and a true property settlement is not involved. *Winterbottom, supra.*

Mr. Kane next argues that Mrs. Kane is estopped from seeking to change the benefits to which she is entitled under the agreement because she consented to the foreign divorce and accepted the benefits under the agreement for nearly four years. In *Peoples Nat. Bank of Greenville v. Manos Bros., Inc.,* 226 S. C. 257, 84 S. E. (2d) 857 (1954), the Supreme Court noted:

> The doctrine of estoppel, being an equitable one, is essentially flexible, and therefore to be applied or denied as the equities between the parties may preponderate.

While some cases have held that a spouse may be estopped from attacking an invalid foreign divorce, *see Smoak v. Smoak,* 269 S. C. 313, 237 S. E. (2d) 372 (1977), or a separate maintenance agreement, *see Kendall v. Kendall,* 213 S. C. 471, 50 S. E. (2d) 191 (1948), we believe that a person is not estopped to attack a decree of divorce merely by reason of accepting benefits received under the decree. *Davis v. Davis,* 236 S. C. 277, 113 S. E. (2d) 819 (1960).

The equities of this situation show that Mrs. Kane has a high school education while Mr. Kane has a doctorate. Mrs. Kane was represented by counsel in negotiating this agreement; however, Mr. Kane paid all attorney's fees involved. No financial statements were provided by Mr. Kane to the opposing counsel or to Mrs. Kane. When she signed the agreement, Mrs. Kane was completely unaware of her husband's financial status. Therefore, equity requires that the application of the doctrine of estoppel be denied.

Family Courts ordinarily do not have jurisdiction to enforce contractual agreements not incorporated or merged into court orders. *Bryant v. Varat,* 278 S. C. 77, 292 S. E. (2d) 298 (1982); *Fielden v. Fielden,* 274 S. C. 219, 262

S. E. (2d) 43 (1980); *Zwerling v. Zwerling,* 273 S. C. 292, 255 S. E. (2d) 850 (1979). However, where as here, a party asserts an agreement as a bar to the other party's claim for relief, the court must necessarily decide whether the agreement is a "fair contractual disposition" of the rights and claims of the parties. *McKinney v. McKinney,* 274 S. C. 95, 261 S. E. (2d) 526 (1980). In effect, this is what Mr. Kane asked the court to do. By raising the agreement in his answer, he conferred jurisdiction upon the Family Court to examine the agreement for fairness. *Drawdy v. Drawdy,* 275 S. C. 76, 268 S. E. (2d) 30 (1980); *Fischl v. Fischl,* 272 S. C. 297, 251 S. E. (2d) 743 (1979); *see also* Section 20-7-420(2), 1976 S. C. Code of Laws (1983 Cum. Supp.).

Based on the evidence, it appears that Mr. Kane did not offer any financial statements and that Mrs. Kane did not request any during the negotiation of the settlement agreement. The negotiations were conducted by separate counsel with each party selecting their own attorney. It is completely unknown what knowledge each attorney had concerning Mr. Kane's financial status and on what information the agreement was based. Without such testimony, it would be impossible for the trial judge to make an informed decision concerning the agreement's fairness.

Having determined that the agreement was unfair, the trial judge properly received full testimony de novo from both parties to determine their actual current financial situation. Mrs. Kane is a high school graduate and holds an hourly wage job. At the time of the hearing she had a take home pay of $180 every two weeks. She stated that her standard of living had deteriorated since the parties' separation. She asked for one thousand dollars per month alimony and five hundred dollars per month as child support for their minor son, Steven.

Mr. Kane is the Dean of the Business School at the University of South Carolina. He holds a doctoral degree. His income for the year prior to the hearing reached ninety four thousand dollars including his salary from the University of South

Carolina, from serving on boards of various corporations and from doing consulting work.

The parties were married in 1954 and there were four children, one of whom was a minor at the time of the hearing.

Mrs. Kane followed Mr. Kane while he pursued his education. She maintained the home, helped rear the four children and worked at various jobs throughout the marriage.

The standard of living for both parties was established after Mr. Kane finished his education. His standard has been maintained or improved while Mrs. Kane's has deteriorated. Alimony is not intended to be a reward to one nor a punishment to the other. It is basically for the purpose of maintaining the status quo as near as possible established by the parties.

An award of alimony rests in the sound discretion of the trial judge. Factors to be considered in determining the adequacy of an award of alimony include (1) the financial condition of the husband and the needs of the wife; (2) the health and age of the parties, their respective earning capacities, their individual wealth; (3) the wife's contribution to the accumulation of their joint wealth; (4) the conduct of the parties; (5) the respective necessities of the parties; (6) the standard of living of the wife at the time of the divorce; (7) the duration of the marriage; (8) the ability of the husband to pay alimony; and (9) the actual income of the parties. *Lide v. Lide,* 277 S. C. 155, 283 S. E. (2d) 832 (1981); *Powers v. Powers,* 273 S. C. 51, 254 S. E. (2d) 289 (1979); *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504 (1977).

Mrs. Kane asks that the lower court order be affirmed. The amount accordingly awarded is left largely to the discretion of the trial judge whose judgment will not be disturbed absent an abuse thereof. *Powers v. Powers,* 273 S. C. 51, 254 S. E. (2d) 289 (1979); *Bailey v. Bailey,* 269 S. C. 1, 235 S. E. (2d) 801 (1977).

Now, accordingly, the order of the lower court is

Affirmed.

CURETON and GOOLSBY, JJ., concur.