Cynthia P. **DEPUY**, Plaintiff,

v.

**Hadley S. DEPUY**, Defendant.

**Civ. A. No. 88–0291–A.**

United States District Court, E.D. Virginia, Alexandria Division.

June 28, 1988.

As Amended July 11, 1988.

Paul M. Ruden, Wilner & Scheiner, Reston, Va., for plaintiff.

Nancy Poster, Great Falls, Va., for defendant.

## MEMORANDUM OPINION

ELLIS, District Judge.

In this diversity action, plaintiff sought to enforce a judgment entered against defendant by the Supreme Court for Fulton County, New York on December 18, 1987. The judgment resulted from defendant's failure to honor support payments required by a divorce judgment entered in Fulton County, New York on March 19, 1978. Defendant was served with process in this suit in Great Falls, Virginia, on March 15, 1988. He failed to answer or appear. The Court entered a default judgment for $22,032 (the amount of the Fulton County judgment plus interest) on May 27, 1988, and permitted the parties to file additional material regarding the appropriateness of plaintiff's request for attorney's fees.[1] Plaintiff submitted a memorandum and a computer printout of fees and costs in support of its request. Defendant has not responded to plaintiff's submissions.

The Court agrees with the plaintiff that Virginia courts allow an award of attorney's fees "in a suit to establish and enforce a foreign decree of alimony." *Alig v. Alig,* 200 Va. 80, 255 S.E.2d 494, 498 (1979); *see also Carswell v. Masterson,* 224 Va. 329, 295 S.E.2d 899, 901 (1982); *McKeel v. McKeel,* 185 Va. 108, 37 S.E.2d 746, 750–51 (1946). Under *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the same rule must be applied in this Court. See *Harrison v. Harrison,* 214 F.2d 571, 574 (4th Cir.1954) (district court correctly adopted state decision allowing award of future alimony payment in suit to enforce foreign judgment); *Dorey v. Dorey,* 609 F.2d 1128, 1133 (5th

---

1. Federal courts ordinarily decline to assert jurisdiction over domestic relations cases, even when the technical requirements for jurisdiction are met. *See Barber v. Barber,* 62 U.S. (21 How.) 582, 584, 16 L.Ed. 226 (1859) (disclaiming jurisdiction over actions for divorce or alimony); *Firestone v. Cleveland Trust Co.,* 654 F.2d 1212, 1215 (6th Cir.1981). The rationale for this rule is that state courts are better equipped to deal with such issues. *Firestone,* 654 F.2d at 1215. The rule, however, has exceptions. One exception exists for suits, such as the one presently before the Court, to enforce state court judgments for alimony where the claim is for a liquidated amount. *See Barber,* 62 U.S. (21 How.) at 599–600 (sustaining jurisdiction over suit to enforce alimony decree); *Gonzalez Canevero v. Rexach,* 793 F.2d 417, 418 (1st Cir. 1986); *Solomon v. Solomon,* 516 F.2d 1018, 1024 (3d Cir.1975). This is not a case in which the amount of unpaid alimony is unliquidated or in which the state court has power to modify retroactively the amount owed. *Cf. Walker v. Walker,* 509 F.Supp. 853, 855 (E.D.Va.1981). Accordingly, this action is properly before the Court.

Cir.1980) ("a federal court sitting in diversity follows the practice of the state in which it sits with regard to equitable enforcement of judgments"). The Court, therefore, finds that an award of fees and costs incurred by plaintiff as a result of defendant's failure to satisfy the Fulton County judgment is appropriate.

■■■ The amount of fees claimed, however, is excessive. The burden is upon the fee claimant to show that the hourly rate charged and the number of hours expended are reasonable. Though no controlling authority has been cited, analogous authority amply supports this principle. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (fee claim under 42 U.S.C. § 1988); *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir.1987) (same), *cert. denied.* — U.S. —, 108 S.Ct. 752, 98 L.Ed.2d 765 (1988); *National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1324–28 (D.C. Cir.1982) (claims under Freedom of Information Act and Title VII of the Civil Rights Act of 1964).

Counsel here have failed adequately to substantiate either the hourly rate charged or the number of hours expended. The fee request, $3,420, is based on an hourly rate of $170.00 for attorney services and $45.00 for paralegal services, multiplied by 17.1 attorney hours and 11.4 paralegal hours. Counsel have submitted nothing, however, to establish that the rates charged were the market rates for such services in the relevant community.

Further, the number of hours claimed is unreasonable in light of the simplicity of the case, the result counsel sought and did obtain, the failure of defendant to appear and the short period of time between the filing of this suit and the entry of a default judgment. Many items on the computer printout submitted in support of the request demonstrate the excessiveness of the hours claimed. For example, counsel claim to have spent 9.4 hours on research in connection with preparing a one and one-half page Complaint. Seven and one-half hours were devoted to investigating the use of a notice of *lis pendens*, yet no such

notice was ultimately filed. A paralegal spent approximately one and one-half hours calling the clerk's office and a process server with regard to filing and serving the Complaint and two and one-half hours actually filing the Complaint. All this is manifestly unreasonable. A substantial amount of the work performed was unnecessary. Lawyers shoulder a heavy responsibility to ensure that the expenditure of legal resources bears a reasonable relation to the matter at hand and the result sought. In essence, counsel here prepared for World War III when common sense and good judgment would have dictated preparation for a battle more on the scale of the Whiskey Rebellion, or at most the War of Jenkins' Ear. Accordingly, some adjustment of the fee request is required.

To focus on each specific charge in this case is unwarranted, given the inadequacy of the fee documentation and the pervasiveness of unnecessary hours in the request. The aura of mathematical precision stemming from such an exercise would be illusory and undeserved. Accordingly, rather than disallowing specific hours and setting precise rates, the Court exercises its discretion to cut the fee claim by a fixed percentage. *See Uzzell v. Friday*, 618 F.Supp. 1222, 1226, 1229 (M.D.N.C.1985); *see also EEOC v. Strasburger, Price, Kelton, Martin & Unis*, 626 F.2d 1272, 1274 (5th Cir.1980); *Lea v. Cone Mills Corp.*, 467 F.2d 277, 279 (4th Cir.1972). Considering all the facts and circumstances of this case, the Court concludes that the proposed award should be reduced by 50%, from $3,420 to $1,710. This figure, which is still generous in light of the nature of the proceedings in this case, adequately compensates plaintiff's counsel and accounts for counsel's failure of proof. Counsel are also entitled to costs in the amount of $228.80.

An appropriate Order accompanies this Opinion.