### 2103

Betty Louise Boling HAYES, Appellant v.
John Joseph HAYES, Respondent.
(439 S.E. (2d) 305)

Court of Appeals

*William J. Clifford,* Charleston, *for appellant.*

*Peter D. DeLuca, Jr.,* Goose Creek, *for respondent.*

Heard Oct. 5, 1993.

Decided Dec. 13, 1993.

CONNOR, Judge:

The family court denied and dismissed the wife's request for equitable distribution of the husband's military and civil service retirement benefits. The court also denied the wife's request for an increase in monthly alimony payments based on changed circumstances and ordered each party to pay his or her own attorney fees and costs. We affirm.

## ISSUES

There are two issues of merit. They are whether: (1) the trial court erred when it concluded the doctrine of *res judicata* barred the wife's subsequent action for equitable distri-

bution of the husband's retirement benefits and (2) the change of circumstances in the parties' positions warrants an increase in alimony.

## FACTS

The parties were married in 1950 and divorced in 1985. The husband retired from the military after 20 years in 1963 and retired from a civil service job after 20 years in 1988.

At the time of the divorce, the parties entered an agreement on the division of their marital property and alimony which the court found fair and adopted. The court granted the divorce on the statutory grounds of one year's separation. Neither party appealed.

At the time of the divorce decree (1985), South Carolina common law held that military retirement benefits were not marital property, but were income which could be considered in determining alimony. *See Brown v. Brown,* 279 S.C. 116, 302 S.E. (2d) 860 (1983). In 1991, the Supreme Court overruled *Brown* and held that military retirement benefits were marital property subject to equitable distribution. *Tiffault v. Tiffault,* 303 S.C. 391, 401 S.E. (2d) 157 (1991) (military retirement benefits accrued during marriage are a joint investment of both parties, and as such constitute an earned property right subject to equitable distribution).

## I.

The wife contends that the *res judicata* effect of the divorce decree competes with the policy of fairness in the division of vested military retirement between divorcing spouses. She asserts we should permit her to litigate her interest in the husband's military retirement in light of the change in the law.

The doctrine of *res judicata* originated in the principle that public interest requires an end to litigation and that no one should be twice sued for the same cause of action. *First National Bank v. U.S. Fidelity and Guaranty Co.,* 207 S.C. 15, 35 S.E. (2d) 47 (1945). Under this doctrine, a final judgment on the merits in a prior action will preclude the parties from re-litigating any issues actually litigated or those that might have been litigated in the first action. *Hilton Head Ctr. of South Carolina, Inc. v. Public Serv. Com'n,* 294 S.C. 9,

362 S.E. (2d) 176 (1987); *Foran v. USAA Cas. Ins. Co.,* — S.C. —, 427 S.E. (2d) 918 (Ct. App. 1993).

The family court held the prior unappealed judgment bars a re-litigation of the issue of equitable division in this case. The family court reached the right result. However, the court actually had no subject matter jurisdiction to consider this issue. *Darden v. Witham,* 258 S.C. 380, 188 S.E. (2d) 776 (1972) (A family court does not have subject matter jurisdiction to modify a division of property).

A family order can be modified only when jurisdiction was specifically reserved in the decree or if allowed by statute. *Jordan v. Jordan,* 307 S.C. 407, 415 S.E. (2d) 424 (Ct. App. 1992). There is no statutory authority for modifying an order of equitable distribution; nor is there a reservation of jurisdiction to modify the property in the original decree. Moreover, S.C. Code Ann. § 20-7-472 (Supp. 1992) states, in pertinent part, "[the family] court's order as it affects distribution of marital property shall be a final order not subject to modification except by appeal or remand following proper appeal." Therefore, there was no jurisdiction for the family court to consider this matter.

## II.

The divorce decree awarded the wife $300 per month alimony. At the time, the husband's income was $3,185 per month and the wife's income was $1,168 per month. At the subsequent hearing, the wife's monthly income, including the alimony, was $2,056. Her expenses were $1,310.67. The husband's monthly income a the subsequent hearing was $2,138 and his expenses were $1,740.

The family court may change the amount of alimony previously awarded when substantial changes in circumstances warrant a change. *Graham v. Graham,* 253 S.C. 486, 171 S.E. (2d) 704 (1970). The family court judge found no substantial changes. The evidence supports that decision.

Affirmed.

SHAW and BELL, JJ., concur.