**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

George Robert Young, Respondent,

v.

Kathryn Lou Young, Appellant.

Appellate Case No. 2010-180306

———

Appeal From Bamberg County
Dale Moore Gable, Family Court Judge

———

Opinion No. 2012-UP-538
Heard September 12, 2012 – Filed October 3, 2012

———

**AFFIRMED AS MODIFIED**

———

Michael C. Tanner and Rose MacLeod Osborne of
Michael Tanner, LLC, of Bamberg, for Appellant
Kathryn Lou Young.

R. Steven Chandler of R. Steven Chandler, LLC, of
Bamberg, for Respondent George Robert Young.

———

**CURETON, A.J.:** Kathryn Lou Young (Wife) appeals the family court's order holding George Robert Young (Husband) in contempt for failing to pay her an amount specified in the couple's divorce decree. Wife argues the family court

erred by (1) inserting language in its order that modified the amount she was entitled to receive from Husband's savings and investment plan (the Plan) and (2) failing to take judicial notice of evidence showing economic changes after entry of the parties' divorce decree. We affirm as modified.

"In appeals from the family court, [appellate courts] review[] factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). "[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court judge in making credibility determinations." *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011). The burden is upon the appellant to convince the appellate court that the preponderance of the evidence is against the family court's findings. *Id.* "Stated differently, *de novo* review neither relieves an appellant of demonstrating error nor requires us to ignore the findings of the family court." *Id.* at 388-89, 709 S.E.2d at 654.

First, Wife asserts the family court erred in reducing the money payable to her from the Plan by inserting the "gains and losses" language in its order. We agree.

Generally, a contempt hearing focuses on the petitioner's establishment of a prima facie case of contempt and the respondent's assertion of defenses. Rule 14(g), SCRFC. "[U]pon proper showing and finding of willful contempt, [a family court] may award other appropriate relief properly requested by a party to the proceeding." *Id.*

Nonetheless, a family court's order for the "distribution of marital property shall be a final order not subject to modification except by appeal or remand following proper appeal." S.C. Code Ann. § 20-3-620(C) (Supp. 2011). Exceptions to this rule include the family court's authority to reserve jurisdiction to modify its order and authority, upon a party's motion or the court's own initiative, to correct clerical errors at any time. *Hayes v. Hayes*, 312 S.C. 141, 144, 439 S.E.2d 305, 307 (Ct. App. 1993); Rule 60(a), SCRCP. In addition, within ten days after receiving written notice of entry of the family court's order, a party may serve a motion for the family court to alter or amend its judgment. Rule 59(e), SCRCP. Furthermore, within one year of a judgment's entry, a party may seek relief on such grounds as "(1) mistake, inadvertence, surprise, or excusable neglect; [or] (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b), SCRCP.

We find no exception in this matter to the finality provision of section 20-3-620. To the extent the family court modified the divorce decree in this contempt action, it exceeded its authority. *See Hayes*, 312 S.C. at 144, 439 S.E.2d at 307 (holding absent statutory authority or a reservation of jurisdiction, the family court may not modify its prior orders). In this matter, the divorce decree awarded Wife "the sum of $61,184.00 representing her portion of [the] Plan." At no point prior to the contempt order was Wife's share of the Plan subject to gains or losses. Therefore, the contempt order modified the divorce decree by making Wife's portion of the Plan subject to "gains or losses from the date of the Decree."

No authority existed for this modification. Judge Wylie made no reservation of jurisdiction in the divorce decree. Judge Gable held "the Agreement [wa]s unambiguous and must be enforced as written" and its "language [wa]s clear and susceptible of only one interpretation." As Wife pointed out at the contempt hearing, Husband neither appealed nor moved the family court pursuant to Rule 59(e) or Rule 60 to modify the divorce decree. Consequently, neither statute nor reservation of jurisdiction allowed the family court to modify the terms of the divorce decree.

As a result, the family court lacked jurisdiction to modify the divorce decree. Therefore, we affirm the family court's contempt order but modify its language to strike "plus gains or losses from the date of the Decree." Because a QDRO has already been executed distributing only $48,562.00 to Wife, we further instruct Husband to (1) prepare a second QDRO distributing an additional $12,622.00 to Wife or, in the alternative, (2) pay Wife the sum of $12,622.00. In either event, Husband shall comply within forty-five days from the date of this court's decision.

Having stricken the "plus gains or losses" language from the family court's order, we need not address Wife's remaining argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED AS MODIFIED.**

**HUFF and GEATHERS, JJ., concur.**