THE STATE ex rel. JOSEPH A. WRIGHT v. EUGENE McQUILLIN, Judge of Circuit Court.

**In Banc, July 10, 1913.**

1. **PROHIBITION: Motion for Judgment on Pleadings: Facts Taken from Return.** In prohibition, where there is a motion for judgment on the pleadings, the facts stated in the return, in so far as they controvert the facts stated in relator's petition, must be taken as the facts of the case.

2. **REFEREE: Right to Resign: Officer.** A referee is not an officer within the meaning of section 5 of article 14 of the Constitution, guaranteeing to public officers the absolute right to resign.

3. ————: ————: **Not Absolute.** A referee, duly appointed by the court, has a qualified, rather than an absolute, right to resign. He cannot be permitted to resign for mere captious or capricious reasons, but he does have the right to resign for good and sufficient causes. The things that would authorize the court to remove him will authorize him to resign; and that, notwithstanding the fact the statute says nothing about the removal of a referee for cause.

4. ————: ————: **Bias and Prejudice.** A referee who is biased and prejudiced against one of the parties to the suit should be permitted to resign, especially where he asks to resign on that ground, and the good faith of his confession is not questioned. Referees are charged with a responsible trust, and take the place of juries and courts, and jurisprudence despises bias and prejudice in the administration of justice. Bias and prejudice against one of the parties to the suit is the best of all reasons for removing a referee or for permitting his resignation.

Prohibition.

WRIT ALLOWED.

*Joseph A. Wright pro se.*

The right to resign without the consent of the appointing power is settled. Sec. 5, art. 14, Constitution of Missouri; State ex rel. v. Bus, 135 Mo. 325; Reiter v. State ex rel., 51 Ohio St. 74, 23 L. R. A. 684; Olmsted v. Dennis, 77 N. Y. 378. (2) A referee may resign

in the absence of a statute forbidding it. 34 Cyc. 809; Brooklyn Heights Railroad v. Brooklyn City Railroad, 93 N. Y. Supp. 849. (3) Where a judge or referee believes himself prejudiced, he has both the right and is under the duty of resigning. 23 Cyc. 590; 34 Cyc. 809; State v. Fort, 178 Mo. 518; State v. Gilham, 97 Mo. App. 296.

*Fordyce, Holliday & White* and *Fred Armstrong, Jr.,* for Eliza P. O'Hara.

*Eugene McQuillin pro se; Edw. C. Kehr* for Berthold & Jennings.

The question is whether the circuit court, which has undoubted jurisdiction of the cause in which the referee is appointed, exceeds its authority in requiring the referee, before accepting his resignation, to file a report of his actions and proceedings as referee in said cause. "The whole subject of reference is governed by the statute." Caulk v. Blyth, 55 Mo. 294. On the 5th of April, 1905, the relator was appointed referee to try all the issues in this cause "and report his findings therein with convenient speed." The statute provides that the referee shall take and subscribe an oath faithfully and fairly to hear and examine the cause and to make a just, impartial and true report according to the best of his understanding. R. S. 1909, sec. 2001; R. S. 1899, sec. 703. The reference in this case is compulsory, and the parties having failed to agree, the court of its own motion appointed the referee. He accepted the appointment and qualified as such. He thereby became an officer of the court appointing him. Higgins v. Wright, 43 Barb. 461. And as such is subject to its orders and control. Ford v. Ford, 53 Barb. 525. It will be perceived that the statute of Missouri contains no provision authorizing the resignation of a referee. Having accepted the ap-

pointment it has become his duty to perform the functions which the court has assigned to him. If circumstances should arise which make it impossible for him to discharge that duty, he should report to the court his actions and proceedings up to that time, advising the court of what has been done and what remains to be done, and of the facts making it necessary for him to discontinue his labors; and upon the coming in of such report the court will be in condition to judge whether or not the referee should be relieved from further performance of his duties. The referee remains the court's appointee and subject to its order until his resignation is accepted by the court. Respondent moreover submits that sections 2006 and 2011 of the Code are ample warrant for the rule which the court made on relator to report his actions and proceedings in a case which he has had under submission for practically eight years.

GRAVES, J.—Original action in prohibition. The facts may be thus summarized: On April 5, 1905, there was pending in the circuit court of St. Louis City an action wherein Elizabeth O. O'Hara, executrix of the estate of Henry O'Hara, was plaintiff, and the firm of Berthold & Jennings were defendants. The suit and a counterclaim filed therein by defendants (both in large sums, requiring an extensive accounting between the parties) rendered the case one for compulsory reference. This action fell by allotment to Division No. 6 of the St. Louis City Circuit Court over which respondent has presided since January 1, 1913. On April 5, 1905, respondent's predecessor appointed relator, Wright, as referee in said cause by the usual order in such cases made, and Wright qualified and proceeded to act, but to what extent does not appear in the record before us in the instant case. It does appear that a previous referee had taken all the evidence in the case, and Wright was appointed on the

death of the first referee. The facts we take from the respondent's return in so far as they controvert the allegations of the relator's petition. This we do because the case is submitted here upon a motion for judgment on the pleadings. In such case, so far as the facts stated in the return controvert the facts stated in the relator's petition the return must govern.

On December 31, 1912, the referee Wright filed his written resignation in said cause, assigning as one of his reasons therefor that he was biased *and prejudiced* in the cause as to the plaintiff therein. Other reasons we omit. January 2, 1913, the defendants in the cause pending *nisi* filed their application for a rule upon the referee to report on said cause. This application on January 24, 1912, the court sustained in a summary way and directed the referee to report forthwith his actions and proceedings in said cause. January 30, 1912, the plaintiff by proper motion and application asked the court to vacate its order of January 24, 1912, and either accept the resignation of the referee, or remove him from office, because of his bias and prejudice against her, and appoint another referee in said cause. This application, which was duly verified by oath, contains among other things the following:

"That said Joseph A. Wright, the present referee, is prejudiced and biased against plaintiff in this cause, and has expressed a prejudice and bias against plaintiff in this cause, and consequently is not a proper person to act as referee herein, and is not competent to render a report on the merits of the cause."

This application, verified as aforesaid by the affidavit of one of plaintiff's counsel, was summarily overruled, and the referee left to make immediate report or take other steps. The referee in this situation applied to this court for a writ of prohibition, and an

order to show cause was issued. The return of the respondent does not question the fact of Wright's prejudice and bias. It proceeds on the broad ground that the court can direct Wright to report until such time as the resignation is accepted or he is removed—and although not in expressed terms, the return in fact denies the right of the referee to resign for any reason. Other matters will be left for the course of the opinion.

I. I am impressed that both parties to this action have an erroneous view of the law of the case. Re-lator urges an absolute and unqualified right to resign his position, and cites us to section 5 of article 14 of the Constitution, and some case law. The constitutional provision cited has no reference to a referee. This provision has reference to officials of a different kind and character. The section does recognize the absolute right to resign in the class of officers to whom it refers, but relator does not belong to this class. The cases cited likewise do not support the contention, and for the same reasons. Whilst in a sense a referee is an officer of the court, he is not an officer within the meaning of this constitutional provision. A referee is thus defined in 24 Am. & Eng. Ency. Law (2 Ed.), p. 219:

*Referee: Right to Resign.*

"A referee is a person to whom a cause pending in court is referred by the court, to take testimony, hear the parties, and report thereon to the court, and upon whose report, if confirmed, judgment is entered."

Another authority, 34 Cyc. 774, thus defines "reference" and "referee:"

"A reference is a sending of a pending cause or some question therein by the court in which it is pending to a private person to hear and determine the cause or some question therein or to take evidence and report the same, with or without his opinion thereon, to the court. Before there can be a reference there must

be an action pending, and generally only matters connected with the pending suit can be referred. The person to whom the reference is made is usually termed a referee; but various other names are given to such persons in different jurisdictions, there sometimes being, however, a difference between a referee and such other person. The terms auditor, commissioner, arbitrator, examiner, assessor, etc., are often used. A referee is to be distinguished from a master who is appointed only in equity suits pursuant to the old equity practice, although in some jurisdictions a referee in an equity suit appointed pursuant to statute is now termed a referee rather than a master. In so far as such officers perform the duties of a referee, the difference in title may be disregarded and the title of referee is therefore used generically throughout this article except where there is a difference of importance between the particular officer and a referee.''

No definition brings a referee within the class of officers held in view by the constitutional provision, supra. On the other hand respondent apparently denies the right to resign *in toto*. To our mind the true rule lies between the two extremes. I do not believe that a referee should be permitted to resign for mere captious or capricious reasons, but that there is a right to resign for good and sufficient reasons, I have no doubt. The right to resign is in my judgment a qualified, rather than absolute one. In other words it is a right dependent upon the the reasons for its exercise. If the reason assigned is good and valid the right is there, but not so if the reasons are otherwise. The right of the court to remove a referee for good cause, and the right of the referee to resign for good cause, should go hand in hand. If the one is recognized, the other should be recognized. The thing which would authorize the court to remove the referee should authorize the referee to resign, and force the acceptance of such resignation, if acceptance be necessary.

It is urged that our statute makes no provision for the resignation of a referee and this is true. Nor does the statute provide for the court's removal of. the referee for cause. The only statutory provision is one authorizing the court to appoint another referee in the event the first appointee dies or removes from the State. [R. S. 1909, sec. 2000.] Not a word is said about removing for cause, yet the courts all recognize that a referee may be removed for cause, and one of the chief causes is bias and prejudice. It is also true that our statutes make no specific provision for the resignation of a referee for good cause or reasons, yet it does not necessarily follow that such right does not exist. Our statutes with regard to references and referees are but additions to the old chancery idea of masters in chancery. The statutes merely broaden the common law field for references. For this reason the statutes are not full and complete, but much is left to be gathered from the old chancery rules as to references in chancery. In chancery practice the right to remove a master in chancery for good cause was always recognized, and the same doctrine has been followed under statutory provisions for reference.

"In 34 Cyc. 809, the law is thus stated:

"A referee is subject to removal by the court, even where appointed by agreement of the parties, but only for good and substantial reasons. For instance the referee may be removed because of prejudice or bias, or misconduct, or by the expression of an opinion on the facts before the hearing."

In Bowen v. Steere, Executor, 6 R. I. l. c. 253, AMES, C. J., says:

"The motion to discharge the rule altogether, upon the ground that two of the referees after their appointment, and before they had heard the case of the claimant, expressed opinions unfavorable to it, demands, on account of the nature of the cause alleged, the careful consideration of the court. Whilst in mod-

ern times courts have been more liberal in overlooking honest errors in referees and arbitrators, and mere defects of form in their reports and awards, they have been more strict in requiring from them the integrity and impartiality which belong to the judicial character. [Cleland v. Hedly, 5 R. I. 163; Strong v. Strong, 9 Cush. 573.] The partiality betrayed by the expression of an opinion by a referee for or against the case of either party before he has heard it, would, unless the parties had agreed to waive impartiality in the tribunal selected by them, be a good cause to invalidate his report, and to discharge the rule which appointed him. Under such circumstances the court would be bound to presume, notwithstanding the referee swore that his prejudice did not sway him, that the report was not the result of his fair and deliberate judgment, but of preconceptions, which placed him beyond the influence of both law and fact. [Fox v. Hazelton, 10 Pick. 275; Boston Water Power Co. v. Gray, 6 Met. 169.]''

So in the case at bar, what court could say that a fair report had been given by the biased and prejudiced mind of the referee. This, too, in the face of admitted bias and prejudice.

In the case of Goldberger v. Railroad, 23 N. Y. Supp. l. c. 178, it is said:

''Referees are judicial officers, charged with a responsible trust. They take the place of the jury as well as of the court, and their finding upon the facts is generally accepted as conclusive. Like jurors or arbitrators, *they should be persons entirely unbiased and indifferent between the parties,* or their competency to act may in like manner be challenged, and any secret understanding as to receiving fees in advance from one party (Russ. Arb. 129; Morse Arb; Redm. Arb. 93) or any other act of misconduct, calculated to bias or influence any one of the referees in his conduct, or to prejudice either party, is generally re-

garded as ample cause for removal, and for setting aside the award when made. For example of the stringency of this rule, see Forrest v. Forrest, 3 Bosw. 650; Dorlon v. Lewis, 9 How. Pr. 9; Yale v. Gwinits, 4 How. Pr. 253; Livermore v. Bainbridge, 44 How. Pr. 362, affirmed 47 How. Pr. 354; Marie v. Garrison, 1 How. Pr. (N. S.) 32; Devlin v. Mayor, 7 Daly, 466; Carroll v. Lufkins, 29 Hun, 17; Burrows v. Dickinson, 35 Hun, 492; O'Brien v. Long, 49 Hun, 80, 1 N. Y. Supp. 695. Misconduct or bias upon the part of referees may be of two kinds—either positive, as by some act that can be directly proved, or inferential, where the circumstances so strongly point to undue influence that the presumption alone will be taken as conclusive.''

In the case at bar we have confessed bias toward one of the parties upon the part of the referee. The good faith of this confession is not questioned and cannot well be questioned. To force a biased and prejudiced mind to try a cause would be a travesty upon justice. Other cases as strongly recognizing the right of the court to remove a referee for bias and prejudice will be found cited in 34 Cyc. supra, and we need not go further.

As above indicated "the reason assigned by this referee is the very best of all reasons." The law contemplates a fair and impartial trial of all issues before a fair and impartial tribunal. Jurisprudence despises bias and prejudice in the administration of justice. Bias and prejudice saps the very life blood of even-handed justice. For that reason we exclude proffered jurors from service. For that reason circuit judges are temporarily dethroned and new judges called to try the cases. In fact, bias and prejudice are shunned at every step of legal proceedings, and rightfully so. Now to the case at bar. The referee openly admits his bias and prejudice as against one of the parties litigant and he asks the court to relieve him of

the situation to the end that untrammeled justice may prevail. Not only so, but the party aggrieved by the feelings of the referee moves to have him removed and another appointed, and both of these requests are summarily disposed of by the court by another directing the referee to proceed to report. To my mind such condition is anomalous. All the case law holds that a referee should be removed for prejudice, and yet the court *nisi* held relator could neither resign nor be removed. If he can be removed for prejudice, as the case law holds, should we hold that he cannot resign for the same cause? If he can be removed for prejudice, he certainly should be permitted to resign for the same reason. In other words, if the law imposes upon the judge the duty to remove a referee for bias and prejudice, the same law should impose upon the referee the duty to resign for the same cause. This is particularly true, because the referee more fully than any other has the knowledge of the condition of his own mind. Bias and prejudice is a good cause for the resignation of a referee, and when such reason is assigned for the act the resignation should go as a matter of course and right, and not as a mere matter of grace. We shall, however, approach the question from another angle or viewpoint.

II. A referee is but an arm of the court, created by the court, to do things which the court could itself do, but for the inconvenience and time. His qualifications should be along the lines of those required of a trial judge, because he performs duties that otherwise would have to be performed by such judge. Not only should his qualifications be along lines of those required of the trial judge, but the things which disqualify the one to act should disqualify the other. Bias and prejudice has always disqualified the judge in Missouri, and it should like-

*Referee: Bias and Prejudice.*

wise disqualify the referee. As to the judge, the rule is tersely stated in 23 Cyc. 590, in this language:

"A judge may take judicial notice of matters affecting his qualification and refuse to act if disqualified within his own knowledge and without any extrinsic evidence of such disqualification; and it is not only the right but the duty of a judge to refuse to preside at the trial of a case in which he is disqualified, without regard to the manner of receiving information of his disqualification."

So in the case at bar, if the referee, acting in good faith (and there is nothing to the contrary in this record) discovered that he was prejudiced against one of the parties, he had the right to resign in the interest of justice and fair play. In some States the final report of referees have been set aside on the ground of bias and prejudice upon the part of the referee.

We have in the case at bar the solemn admission of his bias and prejudice. We have also an affidavit to the same fact, and yet without further information the trial judge summarily directs the referee to proceed to determine the issue between the parties. This should not be—in the interest of jurisprudence. A referee should have the right to resign for the same reasons and upon the same grounds, as would authorize the court to depose him. That such grounds exist in this case is not denied by the respondent's return. With the trial judge it seems to have been a mere question of the right of a referee to resign under any circumstances and he adjudged that the referee had no such right. We hold that where bias and prejudice is admitted, as in this case, the referee has the right to resign, and the trial court exceeded his authority in directing the referee to proceed further with the case. Let the writ of prohibition go. Cost to be taxed to relator.

All concur except *Brown* and *Walker, JJ.*, who dissent.