### 21272

Patty Felton **BENEDICT**, Respondent, v. C. M. **BENEDICT**, III, Appellant.

(268 S. E. (2d) 292)

*Nicolas C. Lempesis* of *Donelan & Donelan,* Columbia, *for appellant.*

*Hans F. Paul,* North Charleston, *for respondent.*

July 23, 1980.

HARWELL, Justice:

C. M. Benedict appeals the decision of the lower court granting respondent Patty Felton Benedict child support and attorney's fees. We reverse.

Appellant contends that the lower court lacked subject-matter jurisdiction in this action. We agree.

On March 10, 1977, respondent commenced an action in the Family Court of the Ninth Judicial Circuit for child support and legal fees through enforcement of the decree of divorce of the parties issued by the Court of Common Pleas of the First Judicial Circuit in 1975.[1] The 1975 divorce decree incorporates a separation agreement making provisions for support. Appellant demurred to the action and his demurrer was sustained orally by the lower court on April 26, 1977. The lower court issued its written order sustaining the demurrer on May 27, 1977.

---

[1] Since 1976 the family courts have exclusive jurisdiction over all divorce actions and legal and equitable rights incident thereto if prayed for in the pleadings. See Section 14-21-410, *et seq.,* S. C. Code Ann. (Cum. Supp. 1979).

Meanwhile, on April 27, 1977, respondent filed this action in the Family Court of the Ninth Judicial Circuit again seeking child support and attorney's fees. This action does not directly mention the agreement incorporated by the decree of divorce and does not, therefore, ostensibly appear to be an enforcement action but rather is postured as an independent action for support. The complaint makes no mention of the then pending written order in the first cause either.

We do not believe that a party may by the simple expedient of failing to plead a prior, valid decree which incorporates a child support provision thus transfer subject-matter jurisdiction from one court to another. The order for child support remains subject to the continuing review of the court issuing the order. *Cason v. Cason*, 271 S. C. 393, 247 S. E. (2d) 673 (1978). This is not to say that jurisdiction lodges permanently in the issuing court. The General Assembly, in fact, has provided a means for the orderly transfer of jurisdiction over such matters. Section 14-21-890, S. C. Code Ann. 1976) provides:

"Any family court shall have jurisdiction and authority to enforce or modify an order or decree of any other court respecting support of wife or children, custody of children and visitation upon an order from the court of original jurisdiction, transferring jurisdiction to such family court. Petition may be made by either party to the original action to transfer the cause to the family court of the county where the other party resides, or petition may be made by the family court of the county to which transfer is sought, if it appears that such transfer will serve the ends of justice. The court of original jurisdiction may transfer the cause in its discretion."

The family court which assumed jurisdiction over this matter could have done so validly only by order as provided above. Inasmuch as no order was forthcoming, the Family Court of the Ninth Judicial Circuit had no jurisdiction over the subject matter of this action.

We, therefore, reverse the lower court and remand the cause with the direction that the action be. dismissed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.