22260

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, on Behalf of Elizabeth Joyce Herndon FINGERLIN, Respondent, v. Alfred Ernest FINGERLIN, Jr., Appellant.

(328 S. E. (2d) 71)

Supreme Court

*Atty. Gen. T. Travis Medlock, Sr., Asst. Atty. Gen. Nan L. Black* and *Asst. Atty. Gen. P. Brooks Shealy,* Columbia, and *Asst. Atty. Gen. G. Conrad Derrick,* Florence, *for respondent.*

*Jonathan R. Hendrix* of *Hendrix & Steigner,* Lexington, *for appellant.*

Heard Feb. 20, 1985.

Decided March 18, 1985.

GREGORY, Justice:

Alfred Ernest Fingerlin challenges both the subject matter and personal jurisdiction of the Family Court for the Fifth Judicial Circuit to enforce the child support provisions of a 1970 divorce decree. We disagree and affirm.

The 1970 decree was entered in the Court of Common Pleas for the Fifth Judicial Circuit, which then had concurrent jurisdiction of domestic matters. The General Assembly subsequently enacted S. C. Code § 20-7-420 (Cum. Supp. 1983),

which placed exclusive jurisdiction of domestic matters in the Family Court.

In 1982, respondent sought to recover child support arrearages under the 1970 decree by a Rule and Petition filed in the Family Court and personally served on appellant in Missouri.

Appellant filed a notice of special appearance and a demurrer, alleging lack of jurisdiction. He contends S. C. Code § 20-7-950 (Cum. Supp. 1983) required an order by the Court of Common Pleas transferring jurisdiction to the Family Court, citing *Benedict v. Benedict,* 275 S. C. 196, 268 S. E. (2d) 292 (1980).

*Benedict* is clearly distinguishable. It involved a transfer between Family Courts in separate judicial circuits rather than a transfer from the Court of Common Pleas to the Family Court within the same county. Furthermore, the Court of Common Pleas could not transfer jurisdiction pursuant to Section 20-7-950 after enactment of Section 20-7-420, which deprived it of jurisdiction of domestic matters. Here, jurisdiction was transferred to the Family Court by statute to enforce the 1970 decree.

We affirm appellant's remaining exceptions under Rule 23.

Affirmed.

LITTLEJOHN, C. J., and NESS, HARWELL and CHANDLER, JJ., concur.