22332

Gussie L. LIGHTY, Appellant, v. SOUTH CAROLINA DEPARTMENT
OF SOCIAL SERVICES, Respondent.

(330 S. E. (2d) 529)

Supreme Court

*Malcolm K. Johnson,* Hartsville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R.
McLeod, Sr. Asst. Atty. Gen. Nan L. Black, Asst. Atty. Gen. P.*

*Brooks Shealy,* Columbia and *Asst. Atty. Gen. G. Conrad Derrick,* Florence, *for respondent.*

Heard Oct. 3, 1984.

Decided May 22, 1985.

MOORE, Acting Associate Justice:

Respondent, South Carolina Department of Social Services, instituted this action against appellant, Gussie L. Lighty, for past child support furnished to Lighty's alleged child while in the care of her great aunt. Appellant's demurrer to the Petition on the ground the family court lacked subject matter jurisdiction was overruled by the family court judge. We reverse.

Respondent's Petition alleges the appellant is the natural mother of the minor child, Latrina Lighty, who was born on February 23, 1974. It also asserts the appellant failed to support her child and that therefore, the Department of Social Services paid $3,140.46 in Aid to Families with Dependent Children benefits to the child's great aunt, Novella Lighty, who had custody of the child. The Petition prays for an order requiring appellant to make periodic payments in a reasonable amount to reimburse the Department of Social Services for the public assistance it provided for the child. The Petition is based upon an assignment which Novella Lighty executed in favor of the South Carolina Department of Social Services prior to receiving any benefits for the minor.

The issue presented for this Court's review is whether the family courts have subject matter jurisdiction to determine a parent's liability for past support paid by the South Carolina Department of Social Services. We hold this action is one based upon a contract for the payment of a debt; therefore, jurisdiction is vested in the circuit court.

In the past, the issue of family court jurisdiction in the area of separation agreements has caused this Court great consternation. Until recently, words of art such as "incorporated" and "merged" controlled jurisdiction. In *Moseley v. Mosier,* 279 S. C. 348, 306 S. E. (2d) 624 (1983), the Court recognized that the parties' intent is rarely revealed from the words of art employed in an agreement, and ruled that any agreement approved by the family court remains subject to the court's

supervisory and enforcement powers absent an unambiguous provision denying the family court jurisdiction.

Our decision in this case, however, does not turn upon words of art; rather, it is predicated upon the very nature of the action instituted by the respondent. Although the Department argues persuasively that this is an action for child support, it is clearly an action for a debt, not unlike an action against one spouse for necessaries provided to the other spouse. *See Richland Memorial Hospital v. Burton,* 282 S. C. 159, 318 S. E. (2d) 12 (1984). As such, it is purely contractual in nature and is outside the jurisdiction of the family court. *See Zwerling v. Zwerling,* 273 S. C. 292, 255 S. E. (2d) 850 (1979); *Fielden v. Fielden,* 274 S. C. 219, 262 S. E. (2d) 43 (1980). Family courts generally do not have jurisdiction to enforce contractual agreements not incorporated or merged into court orders. *Bryant v. Varat,* 278 S. C. 77, 292 S. E. (2d) 298 (1982); *Kane v. Kane,* 280 S. C. 479, 313 S. E. (2d) 327 (S. C. App. 1984).

There is no question that family courts have continuing jurisdiction to modify child support. *Moseley v. Mosier, supra.* Here, however, there was no prior order of the family court either granting Novella Lighty custody of the minor child or requiring the appellant to provide support. Significantly, no request for present child support was included in respondent's Petition.

The propriety of granting or overruling a demurrer is limited to a consideration of the four corners of the complaint or petition. *Preston H. Haskell Company v. Morgan,* 274 S. C. 261, 262 S. E. (2d) 737 (1980). We have carefully reviewed the face of the Petition filed by the Department in this case and have discerned no allegations which would vest jurisdiction of this matter in the family court. Therefore, the order overruling the demurrer is reversed and this matter is remanded to the family court with directions to enter judgment in favor of the appellant.

Reversed and remanded.

GREGORY, HARWELL and CHANDLER, JJ., concur.

GREGORY, J., concurs in separate opinion.

NESS, J., dissents in separate opinion.

GREGORY, Justice (Concurring):

I agree with the majority opinion; however, I feel compelled to discuss this case as it relates to our recent opinion in *D.S.S. v. Fingerlin,* 328 S. E. (2d) 71 (S. C. 1985).

The dissenting opinion cites *Fingerlin* for the proposition that S. C. Code Ann. § 20-7-420 (1976) deprived the Circuit Court of jurisdiction in domestic matters, and contends this is a domestic matter.

While *Fingerlin* does hold Section 20-7-420 ·confers exclusive jurisdiction in domestic matters, it has no effect in the instant case. As the majority notes, the action instituted by Respondent is for a debt, and is purely contractual in nature. Only the Circuit Court has jurisdiction in such matters.

The instant action is not a pure domestic case; therefore, *Fingerlin* has no application to these facts.

NESS, Justice, dissenting:

I respectfully dissent. In this action by respondent Department of Social Services to recover $3,140.46 expended by it for the support of appellant's child, the family court overruled appellant's demurrer. I would affirm.

For a period of approximately four years, appellant's aunt received public assistance from DSS for the support of appellant's child, who was being cared for by the aunt. In order to receive these benefits, the aunt assigned to DSS her rights to be reimbursed by appellant for the cost of the child's care. DSS brought this action in family court against appellant to recover the funds paid to the aunt for the child's support. Appellant demurred, arguing that the family court had no jurisdiction to adjudicate a parent's liability for past support paid by DSS.

The family court has exclusive jurisdiction "to hear and determine proceedings . . . to compel the support of . . . a child" and "to order support of a . . . child." S. C. Code Ann. § 20-7-420(11) and (14) (1983 Supp.). Appellant argues that these provisions do not confer jurisdiction upon the family court to order reimbursement of funds expended for past support unless the obligation was previously conferred by agreement or court order. I disagree.

A parent has a continuing obligation to support her child. *S. C. Department of Social Services v. Lowman,* 269 S. C. 41,

236 S. E. (2d) 194 (1977). It is a common law duty, embodied by statute, which exists even in the absence of an agreement or court order. The family court clearly has the authority to determine the amount of present and future child support payments. The family court also has the authority to compel the payment of the parent's past support obligation even though the amount has not been previously established. I would hold that the family court has jurisdiction to determine an action seeking reimbursement from the parent for funds provided for past support of the parent's child. S. C. Code Ann. § 20-7-840 (1983 Supp.).

I am aware of S. C. Code Ann. § 20-7-90(b) (1983 Supp.) which grants jurisdiction to the circuit court to require a parent to pay support for her child. When read in conjunction with § 20-7-420 (1983 Supp.), this statute must be read as a grant of jurisdiction to the circuit court which is concurrent to the family court's jurisdiction. Accordingly, even though respondent's action may arguably have been brought in circuit court, the family court also had jurisdiction to hear the matter. The trial judge properly overruled the demurrer.

The majority holds since this is a contract action for payment of a debt, jurisdiction is vested in the circuit court. I disagree.

In the recent case of *DSS v. Fingerlin*, 328 S. E. (2d) 71 (S. C. 1985), we held the enactment of § 20-7-420 deprived the circuit court of jurisdiction in domestic matters.

I would hold the above section and *Fingerlin* is dispositive on the issue of jurisdiction and would affirm the family court's overruling the demurrer.

I would affirm.