1564

Clarence S. CHABEK and Helen E. Chabek, Respondents v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant.

(397 S.E. (2d) 786)

Court of Appeals

*George E. Mullen,* Hilton Head Island, *Earle McGee Rice* and *Louisa Rice Lund,* Anderson, *Jean Bergeron* and *Jerrold M. Hillard,* both of *Nationwide Mut. Ins. Co.,* Columbia, *for appellant.*

*Joseph G. Wright, III,* of *Wright & Trammell,* Anderson, *for respondents.*

Heard Oct. 10, 1990.

Decided Oct. 29, 1990.

GOOLSBY, Judge:

Nationwide Mutual Fire Insurance Company appeals the order of the master that reforms an insurance policy by substituting for Custom Stamping, Inc., the respondents Clarence S. Chabek and Helen E. Chabek as the named insureds. This court vacates *sua sponte* the judgment because the master lacked subject matter jurisdiction.

This controversy began when a hailstorm destroyed a warehouse owned by the Chabeks. A policy issued by Nationwide listed Custom Stamping, a closely-held corporation owned by the Chabeks, as the insured. After Nationwide denied Custom Stamping's claim, the Chabeks sued Nationwide for "bad faith denial of insurance benefits." The Chabeks later sought to amend their complaint.

At the hearing on whether to allow the amendment, the Chabeks advised the circuit court they intended to file a separate action to reform the policy. The circuit court referred the "matter" to the master on January 23, 1989. Its order recites the parties had consented to the reference.

The Chabeks filed the action to reform the policy on February 2, 1989. The master conducted a trial on February 20, 1989, and on March 23, 1989, entered an order reforming the policy. The master found the Chabeks had "proved by the

greater weight or preponderance of the evidence . . . a mutual mistake . . . had been made."

# I.

Rule 53(b) of the South Carolina Rules of Civil Procedure permits the circuit court, with the consent of the parties, upon application of a party, or upon its own motion, to refer any or all issues in an "action." "An 'action' is a pending proceeding to determine the rights and liabilities of the parties. . . ." *Proctor v. Gissendaner*, 579 F. (2d) 876, 879 n. 5 (5th Cir. 1978). In South Carolina, "[a] civil action is commenced by filing and serving a summons and complaint." S.C.R. CIV. P. 3(a). Until an action is commenced, there is no proceeding pending and, thus, nothing to refer. *See State v. McQuillan*, 252 Mo. 334, 338-9, 158 S.W. 652, 653 (1913) ("Before there can be a reference there must be an action pending."); 66 Am. Jur. (2d) *References* § 1 at 477 (1973) ("A reference is the trial and determination of questions arising in litigation by a person appointed for that purpose by the court wherein the cause is pending."); *id.* at 478 ("[A] reference . . . is always in a pending cause and rests upon the constitutional and statutory powers of the court which appoints the referee as its officer and upon which his entire authority depends."); 76 C.J.S. *References* § 2 at 187 (1952) ("A reference is a sending of a pending cause, or some question therein, by the court in which it is pending, to a private person to hear and determine it provisionally or to take evidence and report to the court.").

Because the Chabeks had not filed and served their summons and complaint in the action for reformation when the circuit court referred the matter to the master, there was no action involving reformation issues then pending; therefore, the circuit court had nothing to refer to the master at that time. *Cf. First Palmetto State Bank and Trust Co. v. Boyles*, 302 S.C. 136, 394 S.E. (2d) 313 (1990) (wherein the Supreme Court vacated a reference to a master as depriving the defendants of a jury trial where the reference was made four days prior to the filing of the answer and without the defendants' consent); *Holladay v. Holladay*, 27 S.C. 622, 3 S.E. 80 (1887) (wherein the Supreme Court set aside a reference to a master where the defendants had not consented thereto, holding that a reference cannot properly be made until the defendants had

answered the complaint). Absent a reference of any or all issues in an action, the master lacked jurisdiction to enter judgment since nothing can originate before a master. *Carpenter v. Bloomer*, 54 N.J. Super. 157, 148 A. (2d) 497 (1959); 5 Am. Jur. (2d) *Arbitration and Award* § 4 at 521 (1962).

We deem as irrelevant the fact that both parties consented to the reference of the matter and, indeed, tried the matter before the master. *See Harden v. South Carolina State Highway Department*, 266 S.C. 119, 124, 221 S.E. (2d) 851, 853 (1976) ("Lack of jurisdiction of the subject matter cannot be waived even by consent and therefore such lack can and should be taken notice of by this Court *ex mero motu.*"); *Morrill v. Johnson*, 152 Me. 150, 152, 125 A. (2d) 663, 664 (1956) ("Reference of cases is authorized by provisions of statute. The jurisdiction of referees cannot be conferred by consent."); *Ford v. Inhabitants of Town of Whitefield*, 137 Me. 125, 126, 15 A. (2d) 857, 857 (1940) ("The parties cannot by agreement confer jurisdiction on the referee to determine any matter which may arise between them."); 76 C.J.S. *supra* § 11 at 190 ("[C]onsent alone cannot confer jurisdiction on the referee."); *cf. Karl Sitte Plumbing Co., Inc. v. Darby Development Company of Columbia, Inc.*, 295 S.C. 70, 367 S.E. (2d) 162 (Ct. App. 1988) (where the circuit court had referred an action and a party participated in the reference proceedings, the party waived any objection the party might have had to the action being referred and to the master's authority to enter a final judgment).

## II.

Were we inclined to view the master as having subject matter jurisdiction, we would reverse and remand the matter for a new trial because the master failed to apply the correct burden of proof. A party seeking reformation because of mutual mistake must prove a mutual mistake by clear and convincing evidence. *Crosby v. Protective Life Insurance Co.*, 293 S.C. 203, 359 S.E. (2d) 298 (Ct. App. 1987). Here, however, the master applied the greater weight or preponderance of the evidence standard.

Judgment vacated.

Gardner and Cureton, JJ., concur.