2449

Marie BUNKUM a/k/a Marie Sinclair Bunkum, Appellant v. MANOR PROP-
ERTIES, a South Carolina General Partnership, and J. Al Cannon,
Sheriff for Charleston County, Respondents.

(467 S.E. (2d) 758)

Court of Appeals

*Russell Brown,* Charleston, *for appellant.*

*Stephen P. Groves* and *Stephen L. Brown, Young, Clement, Rivers & Tisdale,* Charleston, *for respondents.*

Heard Nov. 8, 1995.

Decided Jan. 22, 1996; Reh. Den. Mar. 21, 1996.

*Per Curiam:*

Appellant, Marie Bunkum, commenced this action pursuant to Rule 60(b), SCRCP, seeking to have a "Supplemental Order of Judgment of [sic] Costs" entered on October 7, 1993 by the Charleston County Master-in-Equity declared void because it was not statutorily authorized. She simultaneously moved pursuant to Rule 65(b), SCRCP, for a temporary restraining order (TRO) and preliminary injunction to enjoin the impending sale of her residence. The trial judge entered a TRO preventing the sale of Bunkum's property, but after conducting a hearing one week later, issued an order dissolving the TRO, denying Bunkum's motion for a preliminary injunction, and permitting the sheriff to proceed with the sale of Bunkum's property. Bunkum appeals from that order. Because we conclude the master in equity lacked subject matter jurisdiction to enter the supplemental order, and the judgment is therefore void, we reverse the order of the circuit court on appeal.

To understand the current posture of this case, an explanation of its background is necessary. In May of 1990, respondent, Manor Properties, filed a complaint against Bunkum and numerous others seeking a declaratory judgment or determine adverse claims and quiet title to a parcel of property located in Mt. Pleasant, South Carolina. The complaint also

sought an order of partition and sale of the property. Pursuant to a motion for an order of reference, the case was referred to the master-in-equity by order dated May 28, 1991 for the entry of a final judgment with direct appeal to the Supreme Court. After an evidentiary hearing, the master determined the interests of the parties and entered a final order dated October 11, 1991 ordering the property sold pursuant to an open-bid procedure. Bunkum appealed the master's order to the Supreme Court. Manor Properties then moved for an appeal bond pursuant to Rule 225, SCACR, and S.C. Code Ann. §§ 18-9-160 through 18-9-170 (1985). The master rendered an order requiring Bunkum to post an appeal bond in the amount or $150,000 as a condition of staying the execution of the judgment in the partition proceedings. Bunkum filed a Petition for Supersedeas with the Supreme Court seeking to reduce the amount of the bond. The Supreme Court reduced it to $36,400. Bunkum posted the bond through the pledge of real property which was not the subject of the appeal. This court affirmed the partition order of the master by an unpublished memorandum opinion filed on June 2, 1993, and assessed appellate costs of $1,022 against Bunkum.

After the remittitur was returned to the circuit court, instead of commencing an action against Bunkum and her sureties on the appeal bond, Manor Properties filed a motion in the circuit court for "assessment of appellate costs, fees, interest, attorney's fees, etc. against posted appeal bond." After a hearing, the master entered a Supplemental Order of Judgment and Costs awarding judgment in the amount of $34,666.71 to Manor Properties on the appeal bond against Bunkum for the following costs and expenses:

1. Legal fees in amount of $10,400;
2. Legal expenses and costs in the amount of $1,394.08;
3. Interest expenses of $6,122.08;
4. Loan closing costs of $1,750; and
5. Real estate commissions of $15,000.

The record indicates Bunkum was notified of the hearing before the master, but did not appear to oppose the motion. Further, no appeal was taken by Bunkum from the supplemental order which was issued by the master of October 7, 1993. In June of 1994, Manor Properties presented the Sheriff of Charleston County with an Execution against the real prop-

erty pledged in the appeal bond. Pursuant to the Execution, the sheriff levied on, seized, advertised, and scheduled Bunkum's residence for sale on October 3, 1994. In the interest of obtaining relief from the Execution, Bunkum filed the present action on September 30, 1994 seeking to vacate the judgment entered against her on the appeal bond and enjoin the execution against her property. The circuit court issued a TRO on September 30, and set a hearing on October 5, to consider a continuance of the restraining order or the grant of a motion for a preliminary injunction. After a hearing, the circuit court issued the order presently on appeal dissolving the temporary restraining order, denying the motion for preliminary injunction, and ordering the sheriff to proceed with the sale.

The present litigation has its genesis in the master's order awarding a judgment of $34,666.71 against Bunkum on the appeal bond. As part of her appeal, Bunkum contends the master's order is void because he did not have subject matter jurisdiction to enter it. Accordingly, she contends the circuit court committed an error of law in denying her motion for preliminary injunction in the present case. Manor Properties, on the other hand, contends the order of reference in the partition action referred the case to the master without restriction and, therefore, he had jurisdiction to enter the order granting a judgment on the appeal bond.

Pursuant to Rule 53, SCRCP, a master has no power or authority except that which is given to his by the order of reference. *Smith v. Ocean Lakes Family Campground*, 315 S.C. 379, 433 S.E. (2d) 909 (Ct. App. 1993). When a case is referred to a master under the rule, the master is given the power to conduct hearings in the same manner as the circuit court unless the order of reference specifies or limits the master's powers. *Smith Companies of Greenville, Inc. v. Hayes*, 311 S.C. 358, 428 S.E. (2d) 900 (Ct. App. 1993). The order of reference in this case authorized the master to enter a final judgment. Any appeal from the final judgment was to be made directly to the Supreme Court. Once the notice of appeal was served, the Supreme Court had exclusive jurisdiction over the appeal, except the lower court retained jurisdiction to entertain petitions for supersedeas under Rule 225. *See* Rule 204, SCACR. The appellate court retained jurisdiction of

the case until the remittitur was issued and the proceedings were returned to the circuit court. *See* Rule 221(b), SCACR. At that point, the circuit court reacquired subject matter jurisdiction to enforce the judgment and take any action consistent with the appellate court's ruling. *Muller v. Myrtle Beach Golf and Yacht Club*, 313 S.C. 412, 438 S.C. (2d) 248 (1993).

The order of reference in this case did not specifically authorize the master to conduct hearings or enter orders after he entered final judgment. The rules of civil procedure would have permitted him to entertain a posttrial motion to amend his order since he was the trial judge. Also, the appellate court rules permitted him to entertain the motion for supersedeas and to set the appeal bond. However, the master had no authority over the case once the remittitur was issued by this court and the case returned to the circuit court. Rather, subject matter jurisdiction was in the circuit court proper. *Cf. Milgroom v. McDaniel*, 308 S.C. 5, 416 S.E. (2d) 626 (1992) (circuit court's order of reference, vesting master in equity with authority to enter final judgment and providing for direct appeal to Supreme Court, did not divest circuit court of jurisdiction when master issued report and recommendation that a party be held in contempt, and then returned the matter to the circuit court for independent finding because report did not constitute final judgment). Since the master had entered final judgment in this case, and therefore had no subject matter jurisdiction to hear the motion for assessment of costs, fees, expenses and damages against the appeal bond, his order entering judgment against Bunkum on the appeal bond is void. *See DeWitt v. S.C. Dept. of Highways & Public Transp.*, 274 S.C. 184, 262 S.E. (2d) 28 (1980) (all proceedings of a court lacking subject matter jurisdiction are a nullity, and its judgment has no effect).

We are mindful of Bunkum's failure to appear before the master at the hearing on the motion, and her failure to directly appeal the master's order. Ordinarily, she would have been procedurally barred from challenging the order.[1] However, issues relating to subject matter jurisdic-

---

[1] In that respect, we do not directly address the master's interpretation of S.C. Code Ann. § 18-9-170 (1985) except to say the language of the statute was very broadly construed by the master and circuit court and we have reservations about the types of costs and expenses awarded.

tion may be raised at any time, cannot be waived even by consent, and should be taken notice of by this court on our own motion. *See Johnson v. State*, 319 S.C. 62, 459 S.E. (2d) 840 (1995); *State v. Richburg*, 304 S.C. 162, 403 S.E. (2d) 315 (1991); *State v. Gorie*, 256 S.C. 539, 183 S.E. (2d) 334 (1971); *Eichor v. Eichor;* 290 S.C. 484, 351 S.E. (2d) 353 (Ct. App. 1986). Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceedings in question belong. *Watson v. Watson*, 319 S.C. 92, 460 S.E. (2d) 394 (1995). Because the master had no subject matter jurisdiction to hear the motion to assess costs, expenses and damages against the appeal bond, it follows that the circuit court committed an error of law in failing to grant the motion for preliminary injunction because it was reasonably necessary to protect the legal rights of Bunkum pending litigation.

Reversed.

HOWELL, C.J., and CURETON and GOOLSBY, JJ., concur.