498 S.E.2d 891

**Linda M. BAILEY, Appellant,**

v.

**Thomas E. BAILEY, Lavern Fogle and Lisa Fogle,**

**Of whom Thomas E. Bailey is Respondent.**

No. 2805.

Court of Appeals of South Carolina.

Submitted Jan. 6, 1998.

Decided March 2, 1998.

Franklin R. DeWitt, Conway, for appellant.

Irby E. Walker, Jr., of Walker & Nixon, Conway, for respondent.

HOWELL, Chief Judge:

Linda M. Bailey appeals from the special referee's dismissal of her action for lack of subject matter jurisdiction. We remand.

## I.

Linda and Thomas Bailey were to be married on September 7, 1985. On September 6, 1985, the parties consulted an attorney, asking him to draft an antenuptial agreement to be entered into prior to their wedding. The attorney informed them that, because of the time constraints, he could not draft the agreement before the wedding. The attorney instead suggested that the Baileys return after the wedding and enter into a post-nuptial agreement, which the attorney would prepare. On October 11, 1985, the Baileys entered into a "Post Nuptial Property Agreement" (the Agreement) prepared by the attorney.

According to the terms of the Agreement, Mr. and Ms. Bailey agreed that the property each party owned prior to the wedding would remain that party's separate, non-marital property. In addition, the Agreement provided that Ms. Bailey "shall be allowed a lifetime right" to live in the house owned by Mr. Bailey and used by the parties as the marital home.

Several years later, Mr. Bailey filed for divorce. His complaint did not include a request for equitable apportionment of any marital property. Shortly thereafter, Ms. Bailey consulted an attorney to discuss any rights she might have in connection with the divorce. While the attorney wrote a letter to Mr. Bailey's attorney concerning the Agreement, Ms. Bailey did not file an answer or any other responsive pleadings in connection with the divorce. Ms. Bailey did not attend the final hearing, and Mr. Bailey was granted a divorce on the basis of a one-year separation.

After the divorce, Mr. Bailey did not allow Ms. Bailey to live in the marital home. Instead, Mr. Bailey rented the house to a third party and refused to share the rental proceeds with Ms. Bailey.

On June 22, 1994, just over a year after the divorce was granted, Ms. Bailey brought this action in circuit court seeking

enforcement of the Agreement. Mr. Bailey answered, arguing, *inter alia,* that the action should be dismissed because the circuit court lacked subject matter jurisdiction over the action. The action was referred to the master-in-equity for final disposition, with any appeal to be made directly to the South Carolina Supreme Court. Thereafter, the master entered an order referring the case to a special referee for final disposition.

At the close of Ms. Bailey's case-in-chief, the referee granted Mr. Bailey's motion for directed verdict, concluding that the family court had exclusive jurisdiction over the matter and that Ms. Bailey should have brought a counterclaim during the original divorce proceedings asking the family court to enforce the Agreement.

## II.

On appeal, Ms. Bailey argues that the circuit court had subject matter jurisdiction over the action and that she was not required to raise the Agreement in a counterclaim to Mr. Bailey's divorce petition. We agree.

■ Pursuant to S.C.Code Ann. § 20–7–420, family courts have exclusive jurisdiction to hear and determine the following actions:

> For divorce a vinculo matrimonii, separate support and maintenance, legal separation, and in other marital litigation between the parties, and for settlement of all legal and equitable rights of the parties in the actions in and to the real and personal property of the marriage and attorney's fees, if requested by either party in the pleadings.

S.C.Code Ann. § 20–7–420(2) (Supp.1997). However, property excluded from the marital estate by written contract or antenuptial agreement of the parties is considered non-marital property over which the family court has no jurisdiction. *See* S.C.Code Ann. § 20–7–473 (Supp.1997) ("The [family] court does not have jurisdiction or authority to apportion nonmarital property."); S.C.Code Ann. § 20–7–473(4) (Supp.1997) (Property excluded from the marital estate by written contract of the parties is considered non-marital property).

 In this case, the Agreement specifically provided that all property owned by each party prior to the marriage, which includes the marital home, would remain that party's separate property. Thus, the Agreement designates the marital home as non-marital property, and takes any issue regarding the marital home outside the jurisdiction of the family court. S.C.Code Ann. § 20–7–473. Accordingly, the trial court erred when it ruled that Ms. Bailey's action to enforce her rights under the Agreement, an action completely independent of and unrelated to the divorce action, fell within the exclusive jurisdiction of the family court. *See Gilley v. Gilley,* 327 S.C. 8, 488 S.E.2d 310 (1997) (Because the parties' prenuptial agreement provided that property acquired by the parties during the marriage or owned at the time of the marriage would not be the subject of any claims for equitable apportionment, the family court did not have jurisdiction over husband's claim for equitable apportionment of marital property.). Instead, Ms. Bailey's purely contractual claim falls squarely within the jurisdiction of the circuit court. *See Sims v. Sims,* 290 S.C. 190, 191, 348 S.E.2d 835, 836 (1986) ("The Husband's action [asserting an interest in property not mentioned in divorce decree] arises out of an alleged agreement with his Wife, which is not incorporated in the divorce decree, and therefore, he may only seek enforcement in the Court of Common Pleas."); *Lighty v. South Carolina Dep't of Soc. Servs.,* 285 S.C. 508, 330 S.E.2d 529 (1985) (Gregory, J., concurring) (Only the circuit court has jurisdiction over purely contractual actions.); *Brown v. Brown,* 295 S.C. 354, 358, 368 S.E.2d 475, 477 (Ct.App.1988) ("A family court lacks subject matter jurisdiction to settle a dispute between spouses involving their respective interests in property, unless the determination is incident to an action requesting an alteration of their marital status."); *cf. Peake v. Peake,* 284 S.C. 591, 593, 327 S.E.2d 375, 376 (Ct.App.1985) (An award of money damages is "beyond the jurisdiction of the family court to make.").[1]

 Nonetheless, while we conclude that the *circuit court* had subject matter jurisdiction over Ms. Bailey's action, we

---

1. Because the family court lacked jurisdiction to apportion the marital home, the referee's conclusion that Ms. Bailey's claim is barred because she failed to raise as a counterclaim in the divorce action is without merit.

are constrained to hold that the *special referee* lacked jurisdiction over the action.

As noted above, the circuit court referred this matter to the master-in-equity. *See* Rule 53(b), SCRCP ("In an action where the parties consent or in a default case, any and all issues, whether of law or fact, may be referred to a master by order of a judge or the clerk of court."). Instead of hearing and determining the action, however, the master referred the action to a special referee.

"Pursuant to Rule 53, SCRCP, a master has no power or authority except that which is given to him by the order of reference." *Bunkum v. Manor Properties,* 321 S.C. 95, 98, 467 S.E.2d 758, 760 (Ct.App.1996), *cert. denied* (October 17, 1996). In this case, the order of reference did not give the master the authority to refer the action to a special referee, and referring the action was inconsistent with the specific directives of the order of reference requiring the master to "hear the testimony, determine the issues, and issue his order concluding the matter."[2] *See id.* at 98, 467 S.E.2d at 760 ("When a case is referred to a master under the rule, the master is given the power to conduct hearings in the same manner as the circuit court *unless the order of reference specifies or limits the master's powers.*") (emphasis added). Because the master lacked authority to refer the case to the special referee, the order of reference is void. The special referee, therefore, lacked jurisdiction over Ms. Bailey's action. *See Chabek v. Nationwide Mut. Fire Ins. Co.,* 303 S.C. 26, 29, 397 S.E.2d 786, 787 (Ct.App.1990) ("Absent a reference of any or all issues in an action, the master lacked jurisdiction to enter judgment since nothing can originate before a master.").[3]

---

**2.** We express no opinion as to whether, under any order of reference, a master could properly refer a case to a special referee. *See* S.C.Code Ann. § 14–11–60 (Supp.1997) ("In case of a vacancy in the office of master-in-equity or in case of the disqualification or disability of the master-in-equity from interest or any other reason for which cause can be shown[,] *the presiding circuit court judge,* upon agreement of the parties, may appoint a special referee in any case who as to the case has all the powers of a master-in-equity.") (emphasis added).

**3.** That the parties requested the appointment of the special referee does not change our analysis. *See Anderson v. Anderson,* 299 S.C. 110, 115,

Accordingly, for the foregoing reasons, this action is hereby remanded to the circuit court for further proceedings on the merits of Ms. Bailey's claims.

**REMANDED.**

CURETON and HOWARD, JJ., concur.

---

382 S.E.2d 897, 900 (1989) ("Lack of subject matter jurisdiction may not be waived, even by consent of the parties, and should be taken notice of by this Court."); *Chabek,* 303 S.C. at 29, 397 S.E.2d at 788 (Parties cannot confer subject matter jurisdiction by consent).