THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Mountain View
 Baptist Church, Appellant,
 
 
 
 
 

v.

 
 
 
 
 Bobby Lee
 Burdine, Respondent.
 
 
 
 
 

Appeal From Greenville County
John C. Few, Circuit Court Judge

Unpublished Opinion No. 2011-UP-061
 Submitted January 4, 2011  Filed February
16, 2011    

REVERSED

 

 
 
 
 Candy M. Kern-Fuller, of Easley, for
 Appellant.
 Kirby Mitchell, of Greenville, for
 Respondent.
 
 
 

PER CURIAM:  Mountain
 View Baptist Church (the Church) appeals a circuit court's holding a magistrate's
 writ of ejectment against Bobby Lee Burdine was void.  We reverse and reinstate
 the writ.[1]
In 1958, Burdine's parents
 bought an unimproved lot of real property, but they mistakenly built and lived
 in a house on a lot owned by another person.  In 1998, the Church bought the lot
 on which the Burdines built their house.  Burdine's parents died in 2000, and Burdine
 subsequently moved into the house, living in it until this action.  In 2008,
 the Church filed an application to eject Burdine from the lot.  Burdine filed
 an answer, asserting he owned the lot and the magistrate lacked subject matter
 jurisdiction because title was in question. The answer also included a
 promise Burdine would accept service of a summons and complaint for an
 ejectment action in circuit court if the Church deposited those documents with
 the magistrate within twenty days of Burdine's answer.  
The Church argues the circuit
 court erred in holding the magistrate lacked subject matter jurisdiction to
 issue the writ.  We agree and reverse for the reasons set forth below.  
"[I]ssues
 relating to subject matter jurisdiction . . . should
 be taken notice of by this court on our own motion."  Bunkum v. Manor
 Props., 321 S.C. 95, 99-100, 467 S.E.2d 758, 761 (Ct. App. 1996).  Pursuant
 to article V, section 1 of the South Carolina Constitution, the South Carolina
 legislature has established the subject matter jurisdiction of magistrates in
 ejectment proceedings through a series of statutes.  Section 22-3-20 of the
 South Carolina Code (2007) provides, "No magistrate shall have cognizance
 of a civil action . . . [w]hen the title to real property shall come
 in question, except as provided in Article 11 of this chapter."  
Article 11 provides, "When the title to real property shall come in
 question in an action brought in a court of a magistrate the defendant may
 . . . set forth in his answer any matter showing that such title will
 come in question."  S.C. Code. Ann. § 22-3-1110 (2007).  "At the time of answering the defendant shall deliver
 to the magistrate a written undertaking, executed by at least one sufficient
 surety and approved by the magistrate, to the effect" the defendant
 would accept service of a summons and complaint for an ejectment action in
 circuit court if the plaintiff deposited those documents with the magistrate
 within twenty days of the defendant's answer.  S.C.
 Code Ann. § 22-3-1120 (2007).  "If such
 an undertaking be not delivered to the magistrate he shall have jurisdiction of
 the cause . . . and the defendant shall be precluded, in his defense,
 from drawing the title in question."  S.C. Code Ann. § 22-3-1140 (2007).  
Here, the magistrate had
 subject matter jurisdiction to hear the action.  Burdine did not comply with
 the statutory provisions relating to the magistrate's subject matter
 jurisdiction because Burdine's undertaking was not
 executed by a surety.  Therefore, the circuit court erred in holding the
 magistrate's writ of ejectment was void.
REVERSED.
HUFF and
 LOCKEMY, JJ., and GOOLSBY, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.