**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tony A. Billips, individually and as a derivative shareholder of Alex's Restaurants, Inc., Respondent,

v.

Carolyn A. Billips, individually and as Trustee for the benefit of Anthony Billips, William Casey Ivey, and Alex Billips, and as controlling person of Alex's Restaurants, Inc., and Alex's Restaurants, Inc., Appellants.

Appellate Case No. 2022-000078

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2025-UP-104
Submitted March 1, 2025 – Filed March 26, 2025

**AFFIRMED**

Jaan Gunnar Rannik, of Epting & Rannik, LLC, of Charleston, for Appellants.

O. Grady Query and Michael W. Sautter, of Query Sautter & Associates, LLC, and Alexander Woods Tesoriero, of The Law Office of Alexander Woods LLC, all of Charleston, for Respondent.

**PER CURIAM:**  Alex's Restaurants, Inc. (Alex's) and Carolyn Billips, individually, as trustee of the benefit of Anthony Billips, William Casey Ivey, and Alex Billips, and as controlling person of Alex's (collectively, Appellants) appeal the master-in-equity's order granting Tony Billips's motion to reconsider.  On appeal, Appellants argue (1) the November 22, 2021 order ended Tony's claims because he failed to file an appeal or cross appeal, (2) the master erred in granting the motion to reconsider because the accounting action and the master's order following that action constituted an election of remedies by Tony, and (3) Tony's actions warrant a sanction against him.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the master's November 22, 2021 order did not end Tony's claims because Tony was permitted to seek relief from judgment, which he did.  *See* Rule 59(a), SCRCP ("On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."); Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order.").  The original order was filed November 22, 2021, Tony's motion to reconsider pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure was served December 2, 2021, and the motion resulted in an amended order from the master that was favorable to Tony.

2.  We hold that there was no election of remedies because there was no final adjudication as the master's order was not a final order and it remanded the case back to the circuit court so that all remaining causes of action could be heard.  *See Cowart v. Poore*, 337 S.C. 359, 364, 523 S.E.2d 182, 185 (Ct. App. 1999) ("The invocation of one remedy constitutes an election of remedies that will bar another remedy consistent therewith where the suit upon the remedy first invoked reached the stage of final adjudication.").

Further, we hold the master did not abuse his discretion in granting Tony's motion to reconsider because he erred in ordering the sale of Tony's interest in Alex's in the original order as the consent order limited the master to providing a valuation of Tony's interest in Alex's and did not address the other causes of action Tony raised in his complaint.  *See Stearns Bank Nat. Ass'n v. Glenwood Falls, LP*, 373 S.C. 331, 336, 644 S.E.2d 793, 795 (Ct. App. 2007) ("The decision to grant or deny a motion for relief from judgment lies within the sound discretion of the trial

court and will not be disturbed on appeal absent an abuse of discretion."); *BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 503 (2006) ("An abuse of discretion arises where the judge issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support."). The consent order of reference referred the action to the master "with regard to the accounting requested by [Tony]," with no mention that a payout was to be ordered. *See Bunkum v. Manor Props.*, 321 S.C. 95, 98, 467 S.E.2d 758, 760 (Ct. App. 1996) ("Pursuant to Rule 53, SCRCP, a master has no power or authority except that which is given to him by the order of reference."); *id.* ("When a case is referred to a master under the rule, the master is given the power to conduct hearings in the same manner as the circuit court unless the order of reference specifies or limits the master's powers."). Because the master erred in the original order, as he only had authority to complete an accounting for Tony's interest in Alex's and not order a payout based on that, we find the master did not err in granting the motion to reconsider to amend the order to not require Tony be paid out and return his shares and instead remanded the action to the circuit court for consideration of Tony's other claims.

3.  We hold Appellants' request for sanctions related to the alleged discovery violations was conceded because the record does not indicate Appellants made any attempt to correct the master's finding that the issue regarding compelling discovery was resolved.  *See TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded in a lower court may not be argued on appeal."); *State v. Mitchell*, 330 S.C. 189, 195, 498 S.E.2d 642, 645 (1998) ("Because counsel acquiesced in the judge's [ruling], and made no other objections . . . , [a]ppellant cannot now complain about this issue."); *see also Halbersberg v. Berry*, 302 S.C. 97, 104, 394 S.E.2d 7, 12 (Ct. App. 1990) (holding an issue not explicitly ruled on by lower court was waived for appellate review where omission was not brought to lower court's attention by way of a proper motion).  We recognize Appellants filed multiple motions, including the October 4, 2018 motion to dismiss, related to alleged failures to comply with discovery by Tony.  However, on August 10, 2021, the master issued a Form 4 order providing Appellants' motion to compel updated discovery was resolved, and Appellants failed to object or file a motion to reconsider this finding.  Because Appellants did not take any actions following the Form 4 order, we find the issue conceded on appeal.

Further, we hold Appellants' request for sanctions related to violations of the confidentiality order cannot be reviewed due to an insufficient record.  *See State v. Serrette*, 375 S.C. 650, 652, 654 S.E.2d 554, 555 (Ct. App. 2007) ("[T]he burden is

on the appellant to provide the appellate court with an adequate record for review.").  Appellants included the August 17, 2017 confidentiality order that generally provided the parties agreed certain discovery material should be treated as confidential and the December 13, 2018 consent order to seal that established portions of a deposition and a September 10, 2018 hearing transcript would be sealed and that the parties would not talk about what was sealed.  However, Appellants failed to provide those documents or any other relevant materials associated with Tony's alleged violations of those orders for this court to review.  Because Appellants failed to include that information in the record on appeal, we find the record is insufficient for appellate review.

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.